**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 9 |
| CITY OF CHESTER, PENNSYLVANIA, | : | Case No. 22-13032 |
| Debtor. | : | |

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER (A) DIRECTING
AND APPROVING FORM OF NOTICE OF COMMENCEMENT OF CASE
AND MANNER OF SERVICE AND PUBLICATION OF NOTICE,
(B) ESTABLISHING A DEADLINE FOR OBJECTIONS TO
ELIGIBILITY, AND (C) GRANTING RELATED RELIEF**

The City of Chester ("Chester" or the "City"), as the debtor in the above-captioned chapter 9 case, hereby moves the Court (the "Motion"), pursuant to Sections 105, 921, and 923 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002(m), 9007, and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order: (a) approving the proposed form of notice of commencement of this case pursuant to Section 923 of the Bankruptcy Code, a copy of which is attached hereto (the "Notice of Commencement"), and the manner of service and publication of the Notice of Commencement; (b) setting a deadline for the filing of any motions, objections or other filings contesting the City's eligibility to obtain relief under chapter 9 of the Bankruptcy Code (any such filing, an "Eligibility Objection"); and (c) granting related relief. In support of this Motion, the City respectfully represents as follows:

**I.    Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue for this matter is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.     Background**

4. Chester is the oldest city in Pennsylvania, and was incorporated as a borough in 1701 and as a city in 1866. The City is a city of the Third Class under Pennsylvania law[1] and operates under a Home Rule Charter.[2]

5. During World War I and World War II, the City thrived as an industrial and manufacturing community. However, since the mid-1950s, the City has been experiencing economic difficulties and facing several challenges, including, (i) a decreasing population, (ii) declining revenues, and (iii) high municipal expenditures. In 1995, faced with multi-million dollar deficits and past due obligations, the City was designated as a distressed city under the Pennsylvania Municipalities Financial Recovery Act of July 10, 1987, P.L. 246, No. 47 ("Act 47") and subjected to financial oversight by the Commonwealth of Pennsylvania.

6. On April 13, 2020, shortly after the devastating onset of COVID-19, Pennsylvania Governor Thomas Wolf declared a fiscal emergency in the City under Act 47.

7. On June 22, 2020, the Commonwealth Court of Pennsylvania (the "Commonwealth Court") determined that a fiscal emergency as defined by Section 602(A) of Act 47 continued to exist in the City and put the City in Receivership under Section 702(c)(2) of Act 47. The same

---

[1] Under Pennsylvania law, there are four classes of cities, the determination of a city's class is based on its population. Act of June 25, 1895, P.L. 275, No. 188. Third class cities are those "containing a population under two hundred and fifty thousand and which have not elected to become a city of the second class A." *Id.*

[2] All Pennsylvania municipalities, except for cities and counties of the first class, can adopt a home rule charter, which is "a written document defining the power, structure, privileges, rights and duties of the municipal government and limitations thereon." 53 Pa. Cons. Stat. §§ 2901, 2902. The Pennsylvania Constitution also recognizes that "[m]unicipalities shall have the right and power to frame and adopt home rule charters . . . . A municipality which has a home rule charter may exercise any power or perform any function not denied by the Constitution, by its home rule charter or by the General Assembly at any time." Pa. Const. art. IX, §2.

2

day, the Commonwealth Court appointed Michael Doweary (the "Receiver") as receiver for the City. Pursuant to an order entered by the Commonwealth Court on December 28, 2021, the City's Receivership and Receiver's appointment were extended for up to two years.

8. In August 2020, the Receiver submitted an initial Recovery Plan (the "Recovery Plan"), which was confirmed by the Commonwealth Court on October 19, 2020. The Recovery Plan represented the City's first steps toward an exit from financial distress and the stable provision of vital and necessary services to the City's residents. On June 7, 2021, the Commonwealth Court approved the Amended Recovery Plan (the "Amended Recovery Plan") that the Receiver submitted in April 2021. The Receiver worked diligently to implement the Amended Recovery Plan and improve the City's financial position by taking steps to reduce its expenditures, including making a significant reduction of its workforce, restricting overtime, implementing a hiring freeze and limiting discretionary purchases.

9. Notwithstanding the Receiver's and the City's efforts to reduce spending and increase efficiencies, the magnitude of the City's financial problems caused the Receiver to request authorization to commence a chapter 9 case on behalf of the City on January 14, 2022, from Dennis M. Davin, then the Secretary (the "Secretary") of the Pennsylvania Department of Community and Economic Development (the "DCED"). By letter dated February 8, 2022, the Secretary provided the Receiver with written authorization to file a municipal debt adjustment action on behalf of the City under the Bankruptcy Code and Act 47 (the "Bankruptcy Authorization").

10. In accordance with the Bankruptcy Authorization, on November 10, 2022 (the "Petition Date"), the City commenced a case under chapter 9 of the Bankruptcy Code. Additional details regarding the City and the events leading to the commencement of this chapter 9 case are set forth in the *Declaration of Michael Doweary in Support of the City of Chester, Pennsylvania's*

3

*Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* (the "<u>Doweary Declaration</u>") and the *Declaration of Vijay Kapoor in Support of the City of Chester, Pennsylvania's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* (the "<u>Kapoor Declaration</u>"), filed contemporaneously herewith.

### III. Relief Requested

11. The City requests that the Court enter an order pursuant to Sections 105(a), 923, and 924 of the Bankruptcy Code and Bankruptcy Rules 2002(m), 9007, and 9008: (a) approving the form and manner of service and publication of the Notice of Commencement; (b) setting a deadline of December 16, 2022 (the "<u>Eligibility Objection Deadline</u>"), a date that is 36 days after the Petition Date in this chapter 9 case and 14 days after the proposed final publication of the Notice of Commencement, for the filing of Eligibility Objections; and (c) providing that if no Eligibility Objections are timely filed and served, or if all Eligibility Objections are overruled or resolved, that the chapter 9 petition shall serve as the order for relief and service of the Notice of Commencement shall serve as notice of the order for relief.

### IV. Basis for Relief

12. Section 923 of the Bankruptcy Code provides:

> There shall be given notice of the commencement of a case under this chapter, notice of an order for relief under this chapter, and notice of the dismissal of a case under this chapter. Such notice shall also be published at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case is commenced, and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates.

11 U.S.C. § 923. The notice requirement of Section 923 of the Bankruptcy Code is intended to serve the requirements of due process. *See* 6 COLLIER ON BANKRUPTCY ¶ 923.03 (16th ed.); *AJA Assocs. v. Army Corps of Engineers*, 817 F.2d 1070, 1073 (3d Cir. 1987) ("The fundamental

4

requirement of due process is *opportunity* to be heard 'at a meaningful time and in a meaningful manner.'") (emphasis in original) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965); *see also Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Berger v. Phila. Parking Auth*., 413 F. Supp. 3d 412, 419 (E.D. Pa. 2019) ("Due process requires [] notice be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (quoting *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314 (1950)).

  **A.** **The Proposed Form, Service, and Publication of the Notice of Commencement Satisfy the Requirements of Section 923 of the Bankruptcy Code.**

  13. Bankruptcy Rule 2002(m) provides:

> The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules.

Fed. R. Bankr. P. 2002(m).

  14. Bankruptcy Rule 9007 provides:

> When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given. When feasible, the court may order any notices under these rules to be combined.

Fed. R. Bankr. P. 9007.

  15. Pursuant to Bankruptcy Rules 2002(m) and 9007, the City seeks the Court's approval of the proposed form of the Notice of Commencement. In accordance with the requirements of Section 923 of the Bankruptcy Code, the City prepared the Notice of Commencement to advise parties of the commencement of the City's chapter 9 case. The Notice of Commencement provides due and proper notice of: (a) the commencement of the case; (b) the opportunity for parties in interest to file Eligibility Objections; (c) the automatic stay as it applies

in chapter 9 (the "Chapter 9 Stay"); and (d) the Receiver's continued authority to act on behalf of the City pursuant to Section 904 of the Bankruptcy Code. The Notice of Commencement further provides that, if no Eligibility Objection is filed prior to the Eligibility Objection Deadline, or if the Court overrules all Eligibility Objections filed with respect to the City's petition, the chapter 9 petition will be deemed an order for relief and the Notice of Commencement will constitute notice of entry of the order for relief in this chapter 9 case.[3] The Notice of Commencement thus satisfies the requirements of Section 923 for notice of commencement of this chapter 9 case and, if no Eligibility Objection are filed or all such objections are overruled, notice of the entry of an order for relief.

16. Contemporaneously with this Motion, the City has filed (a) a motion seeking the appointment of Donlin Recano & Company, Inc. as claims, noticing, and balloting agent in this chapter 9 case (the "Proposed Noticing Agent") and (b) a list of creditors pursuant to Section 924 of the Bankruptcy Code (the "Creditor List"). The City proposes that, pursuant to Bankruptcy Rules 2002(m) and 9007, the Court direct the Proposed Noticing Agent to mail a copy of the Notice of Commencement to each party identified on the Creditor List within three business days after the entry of an order approving this Motion.

17. The City also proposes to publish the Notice of Commencement, consistent with the requirements of Section 923 of the Bankruptcy Code. Bankruptcy Rule 9008 states:

---

[3] *See, e.g.*, *In re City of Detroit, Michigan*, No. 13-53846, Docket No. 296, ¶11 (Bankr. E.D. Mich. Aug. 6, 2013) (order providing that notice of commencement shall serve as notice of the entry of an order for relief if no eligibility objection received); *In re Jefferson County, Alabama*, No. 11-05763, Docket No. 90 (Bankr. N.D. Ala. July 11, 2011) (stating if no objections to petition are filed, notice of commencement will be deemed notice of order for relief); *In re City of Stockton, California*, No. 12-32118, Docket No. 299 (Bankr. E.D. Cal. July 10, 2012) (order providing if no objections to petition are received notice of commencement shall be deemed notice of order for relief). Copies of these court orders are attached hereto collectively as Exhibit 1.

"Whenever these rules require or authorize service or notice by publication, the court shall, to the extent not otherwise specified in these rules, determine the form and manner thereof, including the newspaper or other medium to be used and the number of publications." Fed. R. Bankr. P. 9008.

18. The City proposes to publish the Notice of Commencement once a week for three consecutive weeks in the *Philadelphia Inquirer*, which is a "newspaper of general circulation published within the district in which the case is commenced." 11 U.S.C. § 923. The first such publication would occur within five business days after the entry of an order approving this Motion, or as soon thereafter as is practicable. Publication in the *Philadelphia Inquirer* will provide reasonable notice of the case to residents of the City and its surrounding communities. In addition, the City intends to post the Notice of Commencement on the City's restructuring website at https://www.donlinrecano.com/chesterpa, which will provide further notice to the residents of the City.

19. The City also proposes to publish the Notice of Commencement once a week for three consecutive weeks in *The Bond Buyer*, which is a "newspaper having a general circulation among bond dealers and bondholders." 11 U.S.C. § 923. The first such publication would occur within five business days after the entry of an order approving this Motion, or as soon thereafter as is practicable.[4] Publication in the *The Bond Buyer* will provide reasonable notice of the case to holders and dealers of the bonds issued by the City that may be affected by the City's chapter 9 case.

20. Rule 9008-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Bankruptcy Rules") designates the *Legal*

---

[4] Due to the Thanksgiving holiday, *The Bond Buyer* does not publish on Thursday, November 24 or Friday, November 25, 2022. For this reason, publication in *The Bond Buyer* for the second consecutive week shall occur on Wednesday, November 23, 2022.

7

*Intelligencer of Philadelphia* "the official newspaper of the United States Bankruptcy Court for the Eastern District of Pennsylvania for the publication of notices, announcements, and other material concerning the court and court administration." L.B.R. 9008-1(b). To the extent the Local Bankruptcy Rules would also require publication of the Notice of Commencement in the *Legal Intelligencer of Philadelphia*, the City respectfully seeks relief from that requirement. Given the facts and circumstances of this case, as well as the location and nature of the City's likely creditor body, the Receiver believes that publication in the *Philadelphia Inquirer* and *The Bond Buyer* are sufficient to provide reasonable notice to the City's residents and potential creditors.

21. Based on the foregoing, the City submits that publication and mailing of the Notice of Commencement in the manner described above is appropriate to serve the purposes of Section 923 of the Bankruptcy Code and will provide sufficient notice to all parties in interest in the City's chapter 9 case.

**B.     The Fixing of the Eligibility Objection Deadline is in the Best Interests of the City and its Creditors and All Other Parties in Interest.**

22. Section 921 of the Bankruptcy Code provides:

> (c) After any objection to the petition, the court, after notice and a hearing, may dismiss the petition if the debtor did not file the petition in good faith or if the petition does not meet the requirements of this title.
>
> (d) If the petition is not dismissed under subsection (c) of this section, the court shall order relief under this chapter notwithstanding section 301(b).

11 U.S.C. § 921(c) & (d).

23. Section 921 of the Bankruptcy Code contemplates the possibility of Eligibility Objections, but does not fix any deadline for the filing of such objections. The City therefore requests that the Court exercise its equitable power under Section 105(a) of the Bankruptcy Code to establish the Eligibility Objection Deadline.

8

24. The establishment of the Eligibility Objection Deadline is in the best interests of the City, its creditors and all other parties in interest. As set forth in the Doweary Declaration and Kapoor Declaration, the City commenced this chapter 9 case because it had no reasonable alternative to rectify its financial emergency. The City believes that it is important to complete the chapter 9 process as promptly as possible by confirming a chapter 9 plan of adjustment that places the City on a path for sustainable financial health.

25. The City's restructuring plans would be jeopardized and potentially delayed if it were forced to address eligibility objections piecemeal over an undefined period of time. Such a process would also be highly inefficient for the Court and consume substantial judicial resources. It is appropriate, therefore, for the Court to establish the Eligibility Objection Deadline to allow issues relating to the City's entitlement to relief under chapter 9 to be identified and resolved at the outset of this case. This will permit the City to move forward expeditiously to complete its chapter 9 case without unnecessary and continued disruptions.

26. The City's retirees are not presently represented by any of the City's unions, making negotiations with the retirees impracticable. In this case, the City seeks appointment of an official committee to represent the interests of retirees within this bankruptcy case, including in the context of mediation which will be crucial to reaching a plan of adjustment. However, Section 1102 of the Bankruptcy Code, which is made applicable in chapter 9 proceedings pursuant to Section 901(a), provides that the Office of the United States Trustee cannot appoint such a retiree committee until an order for relief has been entered. *In re City of Stockton*, 493 B.R. 772, 794 (Bankr. E.D. Cal. 2013) ("A retiree committee to speak on behalf of the retirees can be appointed by the United States trustee, but only after entry of the order for relief."). Thus, an expeditious Eligibility Objection process will allow for a retiree committee to be appointed sooner, giving

critical representation to retirees and allowing the City to move forward with necessary negotiations.

27. Accordingly, pursuant to Section 105(a) of the Bankruptcy Code, the City requests that the Court set an Eligibility Objection Deadline of December 16, 2022 a date that is 36 days after the Petition Date and 14 days after the final publication of the Notice of Commencement to (a) promote the efficient administration of the City's case, (b) eliminate any uncertainty created by the absence of express timing provisions in Section 921(c) of the Bankruptcy Code and (c) expedite the Court's consideration of any Eligibility Objections and the entry of an order for relief in this case.

28. This deadline provides adequate time for any creditors to or other parties in interest to evaluate eligibility issues and, if desired, to file an objection to the City's eligibility for chapter 9 relief. The City will serve the Notice of Commencement (which will identify the Eligibility Objection Deadline) within three business days after the entry of an order approving this Motion, and will publish the Notice of Commencement as described herein, consistent with Section 923 of the Bankruptcy Code. Creditors thus will have 36 days from the Petition Date to determine if they wish to raise an Eligibility Objection.

29. In addition, the City has provided its arguments and support for its eligibility, which are available for creditors to review. Contemporaneously with the filing of its petition for relief and this Motion and its support of its eligibility to be a chapter 9 debtor, the City has filed its Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code, an accompanying Memorandum of Law, the Doweary Declaration, and the Kapoor Declaration, among other things. All of these documents are available free of charge at the City's restructuring website https://www.donlinrecano.com/chesterpa, which will be identified in the Notice of

Commencement. Accordingly, parties wishing to contest the City's eligibility for chapter 9 relief should have sufficient time to assert their objections within 36 days from the commencement of this case.

30. The City requests that the Court require that any Eligibility Objections: (a) be in writing and filed with the Court by the Eligibility Objection Deadline and served on the City and its counsel so as to be received by the Eligibility Objection Deadline; (b) state with specificity the facts and legal authorities in support of such objections and otherwise comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Bankruptcy Rules"); and (c) be advocated in person or remotely, as appropriate and in accordance with the Court's procedures, at any and all hearings on such objections. Further, the City requests that if no Eligibility Objections are timely and properly filed, or if all timely and proper Eligibility Objections are overruled by the Court or resolved, the chapter 9 petition shall be considered the order for relief in the City's case pursuant to Section 921(d) of the Bankruptcy Code.

31. In the event that a timely Eligibility Objection is filed and served, the City further requests that this Court set a status conference for December 21, 22, or 23, 2022, to consider establishment of dates and procedures with respect to adjudication of any such Eligibility Objection.

32. If no timely and proper Eligibility Objections are filed and served, the City requests that no hearing be conducted and the City's request for relief under chapter 9 of the Bankruptcy Code be deemed granted.

33. Further, if no timely and proper Eligibility Objections are filed and served, or if all timely and proper Eligibility Objections are overruled by the Court or resolved, the City requests

11

that the Notice of Commencement serve as notice of the entry of order for relief in the City's chapter 9 case.

## V.  Reservation of Rights

34. The City files this Motion without prejudice to or waiver of its rights pursuant to Section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to Section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## VI.  Notice

35. Notice of this Motion has been given to the following (or their counsel if known): (a) the City's largest unsecured creditors as identified on the list filed under Bankruptcy Rule 1007(d), (b) the Office of the United States Trustee, and (c) any party that has requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. The City submits that no other or further notice need be provided.

## VII.  No Prior Request

36. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the City respectfully requests that that this Court: (a) enter an order substantially in the form attached hereto as **Exhibit 2** granting the relief sought herein: and (b) grant such other and further relief to the City as the Court may deem proper.

November 10, 2022

Respectfully submitted,

*[signature]*

Tobey M. Daluz (PA Bar No. 60685)
Margaret A. Vesper (PA Bar No. 329793)
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 864-8148
Email: daluzt@ballardspahr.com
        vesperm@ballardspahr.com

and

Matthew G. Summers*
Laurel D. Roglen*
Chantelle D. McClamb*
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4465
Email: summersm@ballardspahr.com
        roglenl@ballardspahr.com
        mcclambc@ballardspahr.com

(*Pro Hac Vice motions to be submitted)

*Attorneys for the City of Chester*