# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-------------------------------------------------------x

In re                                          : Chapter 9
                                               :
CITY OF DETROIT, MICHIGAN,                      : Case No. 13-53846
                                               :
                        Debtor.                 : Hon. Steven W. Rhodes
                                               :
                                               :
-------------------------------------------------------x

## ORDER (A) DIRECTING AND APPROVING FORM OF NOTICE OF COMMENCEMENT OF CASE AND MANNER OF SERVICE AND PUBLICATION OF NOTICE AND (B) ESTABLISHING A DEADLINE FOR OBJECTIONS TO ELIGIBILITY AND A SCHEDULE FOR THEIR CONSIDERATION

This matter coming before the Court on the Motion of Debtor for

Entry of an Order (A) Directing and Approving Form of Notice of Commencement

of Case and Manner of Service and Publication of Notice and (B) Establishing a

Deadline for Objections to Eligibility and a Schedule for Their Consideration

(the "Motion"), filed by the City of Detroit, Michigan (the "City");[1] the Court

having reviewed the Motion and the Orr Declaration and having considered the

statements of counsel and the evidence adduced with respect to the Motion at a

hearing before the Court (the "Hearing"); and the Court finding that:  (a) the Court

---

[1]    Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and

section 921(b) of the Bankruptcy Code, (b) this is a core proceeding pursuant to

28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under

the circumstances and (d) with slight changes, the form of the Notice of

Commencement and the manner of service and publication of the Notice of

Commencement proposed in the Motion satisfy the requirements of section 923 of

the Bankruptcy Code; and the Court having determined that the legal and factual

bases set forth in the Motion and the Orr Declaration and at the Hearing establish

just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The form of the Notice of Commencement attached hereto

APPROVED pursuant to section 923 of the Bankruptcy Code.

3.      The Proposed Noticing Agent is directed to mail the Notice of

Commencement to the parties identified on the Creditor List within three business

days after the entry of this Order.

4.      The City shall cause the Notice of Commencement to be

published once a week for three consecutive weeks, with the first publication to

occur within five business days after the entry of this Order or as soon thereafter as

practicable, in (a) the *Detroit Free Press* and (b) *The Bond Buyer*.  The City shall

file with the Court proof of publication not later than 14 calendar days after the last

publication.  In addition, in its discretion, the City may post the Notice of

Commencement on the Electronic Municipal Market Access database at

www.emma.msrb.com.  The City may modify the Notice of Commencement to the

extent necessary or appropriate to conform the Notice of Commencement to

publication, and may reformat the Notice of Commencement to minimize the

number of pages for service.

   5. The service and publication of the Notice of Commencement in

accordance with this Order provides sufficient notice of the City's case and

satisfies the requirements of section 923 of the Bankruptcy Code.

   6. Any Eligibility Objections must be filed with the Court by no

later than August 19, 2013 (the "Eligibility Objection Deadline").

   7. Any Eligibility Objections shall state the facts and legal

authorities in support of such objections; shall comply with the Bankruptcy Code,

the Bankruptcy Rules and the Local Rules.

   8. If any Eligibility Objections are filed on the above parties on or

before the Eligibility Objection Deadline in accordance with this Order, the

schedule set forth in the Notice shall apply to the adjudication of such Eligibility

Objections.

9.      Any Eligibility Objections must be advocated in person at all hearings on such objections, including, without limitation, the Eligibility Hearing, or the Court in its discretion may not consider such Eligibility Objections.

10.     If no timely and proper Eligibility Objections are filed and served in accordance with this Order, no Eligibility Hearing will be conducted and the City's request for relief under chapter 9 of the Bankruptcy Code will be deemed granted.

11.     If no timely and proper Eligibility Objections are filed and served in accordance with this Order, or if all timely and proper Eligibility Objections are overruled by the Court or resolved, the Notice of Commencement shall serve as notice of the entry of an order for relief in the City's chapter 9 case.

12.     Nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent pursuant to section 904 of the Bankruptcy Code to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

**BY ORDER OF THE COURT**

Signed on August 6, 2013                    /s/ Steven Rhodes
                                            U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

```
------------------------------------------------------x
                                 :
In re                            :        Chapter 9
                                 :
CITY OF DETROIT, MICHIGAN,       :        Case No. 13-53846
                                 :
                    Debtor.      :        Hon. Steven W. Rhodes
                                 :
                                 :
------------------------------------------------------x
```

**NOTICE OF COMMENCEMENT OF CASE UNDER
CHAPTER 9, NOTICE OF AUTOMATIC STAY AND
PURPOSES OF CHAPTER 9, NOTICE OF DEADLINE AND
PROCEDURES FOR FILING OBJECTIONS TO THE CHAPTER 9
PETITION AND NOTICE OF CITY'S MOTION TO LIMIT NOTICE**

**TO ALL CREDITORS OF THE CITY OF DETROIT, MICHIGAN, AND TO
OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

*Commencement of Chapter 9 Case*

1.     On July 18, 2013, the City of Detroit, Michigan commenced a

case (the "Chapter 9 Case") under chapter 9 of title 11 of the United States Code

(the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern

District of Michigan, Southern Division (the "Bankruptcy Court").  The City's

Chapter 9 Case was commenced pursuant to an order issued by Kevyn D. Orr, in

his capacity as emergency manager of the City (in such capacity, the "Emergency

Manager") under section 18 of Public Act 436 of 2012 ("PA 436").  The Chapter 9

Case is pending before the Honorable Steven W. Rhodes, United States

Bankruptcy Judge.

### ***Automatic Stay***

2.    Pursuant to sections 362 and 922 of the Bankruptcy Code,

the filing of the City's chapter 9 petition operates as an automatic stay of actions

against the City, including, among other things:  (a) the enforcement of any

judgment; (b) any act to obtain property from the City; (c) any act to create, perfect

or enforce any lien against property of the City; (d) any act to collect, assess or

recover a claim against the City; and (e) the commencement or continuation of any

judicial, administrative or any other action or proceeding against the City, the

Emergency Manager or any other officer or inhabitant of the City that seeks to

enforce a claim against the City (the "Chapter 9 Stay").

3.    On July 25, 2013, the Bankruptcy Court entered discrete orders:

(a) confirming that the protections of the Chapter 9 Stay apply to the City and its

officers and inhabitants, including the Emergency Manager (Docket No. 167); and

(b) extending the Chapter 9 Stay to (i) the Governor of the State of Michigan

(the "Governor"), the Treasurer of the State of Michigan and the Local Emergency

Financial Assistance Loan Board of the State of Michigan, together with each

entity's staff, agents and representatives, (ii) employees of the City that are neither

City officers nor inhabitants of the City and (iii) agents and representatives of the

Governor and the Emergency Manager (Docket No. 166).

### *Purpose of the Chapter 9 Filing*

4.      Chapter 9 of the Bankruptcy Code provides a means for a

municipality (such as the City) that has encountered financial difficulty to work

with its creditors to adjust its debts.  The primary purpose of chapter 9 is to allow

the municipality to continue its operations and its provision of services while it

adjusts or restructures creditor obligations.  In a chapter 9 case, the jurisdiction and

powers of the Bankruptcy Court are limited such that it may not interfere with any

of the political or governmental powers of the City or the City's use or enjoyment

of any income-producing property.  During this Chapter 9 Case, the Emergency

Manager will continue to manage the affairs of the City according to his authority

under PA 436.  Under section 18(1) of PA 436, the Emergency Manager acts

exclusively on the City's behalf in this Chapter 9 Case.

5.      The City intends to propose a plan for the adjustment of its

debts.  Future notice concerning any such plan will be provided to all known

creditors.

## *Deadline for Objections to Petition and Entry of an Order for Relief*

6.      The City has filed papers in support of its eligibility to be a debtor under chapter 9 of the Bankruptcy Code (the "Documentary Support").[2] Objections to the City's chapter 9 petition may be filed by a creditor or party in interest by August 19, 2013 (the "Eligibility Objection Deadline").  Any such objection shall state the facts and legal authorities in support of such objection; shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court; and shall be filed with the Bankruptcy Court.

7.      If any Eligibility Objections are filed on or before the Eligibility Objection Deadline in accordance with the above procedures, the following schedule shall apply to the adjudication of the Eligibility Objections:

- August 23, 2013 shall be the deadline for the City and any party that files a timely and proper Eligibility Objection to serve written discovery requests;

- September 6, 2013 shall be the deadline for the City to file responses to the Eligibility Objections;

---

[2]     The Documentary Support includes:  (a) a Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (Docket No. 10); (b) an accompanying memorandum of law (Docket No. 14); (c) supporting declarations of Kevyn D. Orr (Docket No. 11), Gaurav Malhotra (Docket No. 12) and Charles M. Moore (Docket No. 13); and (d) the accompanying exhibits for each of the foregoing.  The City reserves the right to file additional papers in support of its eligibility for chapter 9 relief and in opposition to any objections thereto.

- September 13, 2013 shall be the deadline for compliance with written discovery requests;

- September 23, 2013 shall be the deadline to complete non-expert depositions;

- September 23, 2013 shall be the deadline to designate expert witnesses and submit expert reports;

- October 3, 2013 shall be the deadline for the counter-designation of experts and submission of reports;

- October 10, 2013 shall be the deadline for the completion of expert depositions; and

- October 17, 2013 shall be the deadline for the filing of any pre-trial briefs.

8.      A pre-trial conference shall be conducted on October 21, 2013 at 10:00 a.m., Eastern Time, in Courtroom 100 at the United States Bankruptcy Court for the Eastern District of Michigan, 231 West Lafayette Street, Detroit, Michigan  48226.

9.      A hearing on the Eligibility Objections (an "Eligibility Hearing") shall be conducted on October 23, 2013 at 9:00 a.m., Eastern Time, in Courtroom 100 at the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division, 231 West Lafayette Street, Detroit, Michigan  48226 (with additional days to be scheduled as necessary).

10.     Any Eligibility Objections must be advocated in person at all hearings on such objections, including, without limitation, the Eligibility Hearing, or the Court in its discretion may not consider such Eligibility Objections.

11.     Proceedings in this Chapter 9 Case will not be stayed pending the Court's adjudication of any Eligibility Objections and entry of an order for relief.

12.     If no timely and proper Eligibility Objections are filed and served in accordance with this Order, no Eligibility Hearing will be conducted and the City's request for relief under chapter 9 of the Bankruptcy Code will be deemed granted.

**IF NO OBJECTIONS ARE TIMELY AND PROPERLY FILED, OR IF ALL TIMELY AND PROPER ELIGIBILITY OBJECTIONS ARE OVERRULED BY THE COURT OR RESOLVED, THE FILING OF THE CITY'S CHAPTER 9 PETITION SHALL BE DEEMED AN ORDER FOR RELIEF UNDER CHAPTER 9 OF THE BANKRUPTCY CODE, AND THIS NOTICE SHALL BE DEEMED NOTICE OF SUCH ORDER FOR RELIEF.**

### *Motion to Limit Notice*

13.     The City also has requested that the Bankruptcy Court enter an order limiting notice of certain initial filings in the City's bankruptcy case to certain creditors and interested parties.  If you wish to receive further notices in this case, you are encouraged to appear formally in this Chapter 9 Case and file with the Bankruptcy Court a written request for service of papers pursuant to the Federal Rules of Bankruptcy Procedure.

### *Case Information*

14.     All documents filed in this case are available free of charge at the City's restructuring website at www.kccllc.net/Detroit; the court's website,

www.mieb.uscourts.gov; or, on a paid subscription basis, through the Bankruptcy

Court's PACER system at ecf.mieb.uscourts.gov.  Additional information about the

City's restructuring is available at the Emergency Manager's page on the City's

website at www.detroitmi.gov/EmergencyManager. [Inquiries about this case also

may be directed to the City's Chapter 9 Information Hotline at (877) 298-6236.][3]

---

[3]    Note:  Bracketed language will not be included in the publication version of
this Notice.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **JEFFERSON COUNTY, ALABAMA,** | ) | **Case No. 11-05736-TBB9** |
| **a political subdivision of the State of** | ) | |
| **Alabama,** | ) | **Chapter 9 Proceeding** |
| | ) | |
| Debtor. | ) | |

**ORDER APPROVING DEBTOR'S MOTION TO SET DEADLINE AND PROCEDURES
FOR FILING OBJECTIONS TO THE PETITION AND TO APPROVE FORM AND
<u>PUBLICATION OF NOTICE REQUIRED BY 11 U.S.C. § 923</u>**

THIS MATTER came before the Court on the Motion of Debtor to Set Deadline and

Procedures for Filing Objections to the Petition and to Approve Form and Publication of Notice

Required by 11 U.S.C. § 923 (the "Motion")[1] filed by Jefferson County, Alabama (the

"County"). Based on the pleadings of record, the arguments and representations of counsel, all

other matters brought before the Court, and for good cause shown, the Court finds, determines

and concludes that notice of the relief requested in the Motion was good and sufficient under the

particular circumstances; the relief sought in the Motion is in the best interests of the County, its

creditors, and all parties in interest; the legal and factual grounds set forth in the Motion establish

just cause for the relief granted herein; and the Motion is due to be **GRANTED**.

**WHEREFORE**, based upon the foregoing findings of fact and conclusions of law, it is

hereby

**ORDERED, ADJUDGED and DECREED** that any objections to the County's Chapter

9 petition must be filed with the Clerk of the United States Bankruptcy Court for the Northern

---

[1] Capitalized terms used herein and not otherwise defined have the meanings ascribed to them in the Motion.

District of Alabama, Southern Division, by no later than December 9, 2011 at 5:00 p.m. Central time (the "Objection Deadline"); and it is further

**ORDERED, ADJUDGED and DECREED** that any objections to the County's petition (i) shall state the basis of the objection and, with respect to any objection asserted under 11 U.S.C. § 109(c)(5), 11 U.S.C. § 921(c), or any other statutory provision relied upon by an objecting party, shall state with specificity the facts and legal authorities in support of the objection; (ii) shall comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, and (iii) shall be served on the attorneys for the County by mailing a copy of the same to:  (a) Bradley Arant Boult Cummings LLP, Attention: Patrick Darby, 1819 Fifth Avenue North, Birmingham, Alabama 35203, and (b) Klee, Tuchin, Bogdanoff & Stern LLP, Attention: Kenneth Klee, 1999 Avenue of the Stars, Thirty-Ninth Floor, Los Angeles, CA  90067-5061; and it is further

**ORDERED, ADJUDGED and DECREED** that failure to comply with the requirements of the immediately preceding portion of this Order without justifiable and good cause may be deemed a waiver of an objection and result in exclusion of evidence related thereto; and it is further

**ORDERED, ADJUDGED and DECREED** that, if any objections to the County's petition are filed with the Clerk of Court on or before the Objection Deadline in accordance with this Order, the Court shall hold a final, evidentiary hearing on such objections on December 15-16, 2011, beginning at 8:00 a.m. Central time each day, in Courtroom number 1, located at 505 20th Street North, 4th Floor, Birmingham, Alabama 35203 (the "Final Hearing"); and it is further

**ORDERED, ADJUDGED and DECREED** that any objections to the petition must be advocated in person at all hearings on such objections, including without limitation the Final Hearing, or they automatically shall be deemed overruled; and it is further

**ORDERED, ADJUDGED and DECREED** that the form of the Notice attached hereto as <u>Exhibit A</u> is hereby APPROVED pursuant to Section 923 of the Bankruptcy Code; and it is further

**ORDERED, ADJUDGED and DECREED** that the County shall cause the Notice to be published for three consecutive weeks, with the first publication to occur as soon as practicable, in both *The Bond Buyer* and *The Birmingham News* and shall file with the Court proof of publication not later than fourteen (14) calendar days after the last publication; and it is further

**ORDERED, ADJUDGED and DECREED** that the County shall also cause the Notice to be mailed to the parties listed on the County's creditor matrix in this case as soon as practicable and shall file with the Court proof of publication not later than fourteen (14) calendar days after the mailing; and it is further

**ORDERED, ADJUDGED and DECREED** that the service and publication of the Notice in accordance herewith provides sufficient notice of the County's case and satisfies the requirements of Section 923 of the Bankruptcy Code; and it is further

**ORDERED, ADJUDGED and DECREED** that, in the absence of any timely and proper objection to the County's Chapter 9 petition by the Objection Deadline or should the Court overrule any and all timely and proper objections to the petition, the Notice shall serve as notice of the entry of an order for relief in the County's case; and it is further

**ORDERED, ADJUDGED and DECREED** that this Order is without prejudice to the rights of the County pursuant to Section 904 of the Bankruptcy Code, and nothing herein is

intended as or shall be deemed to constitute the County's consent pursuant to Section 904 of the Bankruptcy Code to this Court's interference with (1) any of the political or governmental powers of the County, (2) any of the property or revenues of the County, or (3) the county's use or enjoyment of any income-producing property.

Dated:  November 11, 2011

**/s/  Thomas B. Bennett**
**Thomas B. Bennett**
**U.S. Bankruptcy Judge**

**EXHIBIT A**
**[Form of Notice]**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

In re:                                                )
                                                          )
**JEFFERSON COUNTY, ALABAMA,**     )        **Case No. 11-05736-TBB9**
**a political subdivision of the State of**   )
**Alabama,**                                      )        **Chapter 9 Proceeding**
                                                          )
            Debtor.                             )


**NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 9,
NOTICE OF AUTOMATIC STAY, NOTICE OF DEADLINE AND PROCEDURES
FOR FILING OBJECTIONS TO THE PETITION, AND
NOTICE OF DEBTOR'S MOTION TO LIMIT NOTICE**

**TO ALL CREDITORS OF JEFFERSON COUNTY, ALABAMA, AND TO PARTIES IN
INTEREST, PLEASE TAKE NOTICE THAT:**

**COMMENCEMENT OF CHAPTER 9 CASE.**  On November 9, 2011, Jefferson

County, Alabama (the "County") commenced a case under Chapter 9 of Title 11 of the United

States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern

District of Alabama, Southern Division (the "Bankruptcy Court").  The Chapter 9 case is

pending before the Honorable Thomas B. Bennett, United States Bankruptcy Judge.  All

documents filed with the Court are available for inspection via the PACER system, which may

be accessed on a subscription basis at the following internet address:  www.alnb.uscourts.gov.

The County is in the process of adding a link to its website www.jeffcoonline.jccal.com through

which key pleadings, orders, notices, lists, and other documents regarding the County's Chapter

9 case and related proceedings before the Bankruptcy Court in this case will be made available.

**AUTOMATIC STAY.**  Pursuant to Sections 362 and 922 of the Bankruptcy Code, 11

U.S.C. §§ 101-1532, the filing of the County's Chapter 9 petition operates as an automatic stay

of actions against the County, including, among other things, the commencement or continuation of any judicial, administrative, or other action against the County or against an officer or inhabitant of the County that seeks to enforce a claim against the County, any act to obtain property of or from the County, any act to create, perfect, or enforce any lien against property of the County, and any act to collect, assess, or recover a claim against the County that arose before the commencement of the County's bankruptcy case.

**PURPOSE OF THE CHAPTER 9 FILING.**    Chapter 9 of the Bankruptcy Code provides a means for a municipality, such as the County, that has encountered financial difficulty to work with its creditors to adjust its debts.   The primary purpose of Chapter 9 is to allow the municipality to continue its operations and its provision of services while it adjusts or restructures creditor obligations.   In a Chapter 9 case, the jurisdiction and powers of the bankruptcy court are limited such that the court may not interfere with any of the political or governmental powers of the County, or the County's use or enjoyment of any income-producing property.   The County intends to propose a plan for the adjustment of its debts.   Future notice concerning any such plan will be provided to all known creditors.   During the bankruptcy case, the County will remain in possession and control of its property, and will maintain its operations for the benefit of the public.

**DEADLINES FOR OBJECTIONS TO PETITION AND NOTICE OF ORDER FOR RELIEF.**   Any objections to the County's Chapter 9 petition must be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Alabama, Southern Division, by no later than December 9, 2011 at 5:00 p.m., Central time (the "Objection Deadline").   Any such objection (i) shall state the basis of the objection and, with respect to any objection asserted under 11 U.S.C. § 109(c)(5) or 11 U.S.C. § 921(c), shall state with specificity the facts and legal

authorities in support of the objection; (ii) shall comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, and (iii) shall be served on the attorneys for the County by mailing a copy of the same to: (a) Bradley Arant Boult Cummings LLP, Attention: Patrick Darby, 1819 Fifth Avenue North, Birmingham, Alabama 35203, and (b) Klee, Tuchin, Bogdanoff & Stern LLP, Attention: Kenneth Klee, 1999 Avenue of the Stars, Thirty-Ninth Floor, Los Angeles, California 90067-5061. If any objections to the County's petition are filed with the Clerk of Court on or before the Objection Deadline in accordance with this Order, the Court shall hold a final, evidentiary hearing on such objections on December 15-16, 2011, beginning at 8:00 a.m. Central time each day, in Courtroom number 1, located at 505 20th Street North, 4th Floor, Birmingham, Alabama 35203. Objections must be advocated in person at all hearings on the objections, or they automatically shall be deemed overruled. If no objection is timely and properly filed, or if the Court overrules any and all objections that are timely and properly filed, then the filing of the petition shall be deemed an order for relief under Chapter 9 of the Bankruptcy Code, and this notice shall be deemed notice of such order for relief. Failure to file a timely and proper objection will result in the order for relief being entered.

**MOTION TO LIMIT NOTICE.** By separate motion, the County has requested the Bankruptcy Court to enter an order limiting notice of filings in the County's bankruptcy case to certain creditors and interested parties. Any other creditor or party in interest that wishes to receive notice in this Chapter 9 case should file with the Clerk of Court a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b). The request shall include the following: (a) the party's name and address; (b) the name of the client, if applicable; (c) an e-mail address at which the requesting party may be served; (d) an address by which the requesting party may be served by U.S. mail, hand delivery and overnight delivery;

(e) the party's relationship to the County's case, i.e., trade creditor, warrant holder, interested party; and (f) a facsimile number for the requesting party, if available.   Notwithstanding Bankruptcy Rules 2002 and 9019(b), no request for service filed in this Chapter 9 case shall have any effect unless the foregoing requirements are satisfied.   Any individual or entity filing a notice of appearance pursuant to Bankruptcy Rule 2002 that does not maintain and cannot practicably obtain an e-mail address must include in its notice of appearance a certification stating the same.   Notice will be provided to that individual or entity by U.S. mail, overnight delivery, hand delivery or facsimile, with the choice of the mode of service to be made by the County in the County's sole discretion.

Inquiries about the matters described herein may be directed to the County's bankruptcy co-counsel: Patrick Darby, Bradley Arant Boult Cummings LLP, 1819 Fifth Avenue North, Birmingham, Alabama  35203, pdarby@babc.com, and Kenneth Klee, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, Thirty-Ninth Floor, Los Angeles, California  90067-5061, kklee@ktbslaw.com.

**Dated:  November 11, 2011**

                                                    **/s/  Thomas B. Bennett**
                                                    **Thomas B. Bennett**
                                                    **U.S. Bankruptcy Judge**

2012-32118
July 10, 2012
FILED
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004329288

**6**

1  MARC A. LEVINSON (STATE BAR NO. 57613)
   malevinson@orrick.com
2  NORMAN C. HILE (STATE BAR NO. 57299)
   nhile@orrick.com
3  JOHN W. KILLEEN (STATE BAR NO. 258395)
   jkilleen@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
5  Sacramento, California 95814-4497
   Telephone:    (916) 447-9200
6  Facsimile:    (916) 329-4900

7  Attorneys for Debtor
   City of Stockton
8

9              UNITED STATES BANKRUPTCY COURT

10             EASTERN DISTRICT OF CALIFORNIA

11               SACRAMENTO DIVISION

12

13 In re:                              Case No. 2012-32118

14 CITY OF STOCKTON, CALIFORNIA,        DC No. OHS-2

15          Debtor.                     Chapter 9

16                                      **ORDER DIRECTING AND**
                                        **APPROVING FORM OF NOTICE AND**
17                                      **SETTING DEADLINE FOR FILING**
                                        **OBJECTIONS TO THE CITY OF**
18                                      **STOCKTON, CALIFORNIA'S**
                                        **PETITION**
19
                                        Date:    Friday, July 6, 2012
20                                      Time:    10:00 a.m.
                                        Place:   United States Courthouse
21                                               Dept. A, Courtroom 28
                                                 501 I Street
22                                               Sacramento, CA 95814

23

24

25

26

27

28

RECEIVED
July 09, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004329288

ORD. DIRECTING & APPROVING FORM OF NOT. &
SETTING DEADLINE FOR FILING OBJS. TO THE
CITY OF STOCKTON, CALIFORNIA'S PETITION

1    Upon consideration of the Emergency Motion for Entry of an Order (1) Directing and

2    Approving Form of Notice; and (2) Setting Deadline for Filing Objections to Petition (the

3    "Emergency Motion"), filed by the City of Stockton, California (the "City"), the Court finding

4    that notice of the Emergency Motion was reasonable and appropriate under the circumstances,

5    and the Court determining that the relief requested in the Emergency Motion is appropriate and in

6    the best interests of the creditors and parties in interest in this case,

7    IT IS HEREBY ORDERED THAT:

8    1.    The form of notice of the commencement of case (the "Notice"), attached hereto,

9    is approved;

10    2.    The requirements of Bankruptcy Code § 923 are satisfied by service of the Notice

11    by first class mail on the United States Trustee and all entities identified on the List of Creditors

12    filed by the City pursuant to Bankruptcy Code § 924, and by publication of the Notice once a

13    week for at least three consecutive weeks in each of *The Stockton Record* and *The Bond Buyer*;

14    3.    The Clerk of the Court is directed to mail the Notice to all creditors listed on the

15    City's List of Creditors filed pursuant to section 924 of the Bankruptcy Code;

16    4.    As more particularly described in the Notice, the deadline for filing objections to

17    the petition under Bankruptcy Code § 921(d) is 5:00 p.m. Pacific time on August 9, 2012 (the

18    "Objection Deadline");

19    5.    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, the Court will conduct a status conference

20    on Thursday, August 23, 2012, at 10:00 a.m. Pacific time, at which time the Court will consider

21    setting other dates; and whether, if no objection is filed, to enter

22    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

23    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮f an order for relief.

24    Dated: July 10, 2012

25

26

27    United States Bankruptcy Judge

28

1    MARC A. LEVINSON (STATE BAR NO. 57613)
     malevinson@orrick.com
2    NORMAN C. HILE (STATE BAR NO. 57299)
     nhile@orrick.com
3    JOHN W. KILLEEN (STATE BAR NO. 258395)
     jkilleen@orrick.com
4    ORRICK, HERRINGTON & SUTCLIFFE LLP
     400 Capitol Mall, Suite 3000
5    Sacramento, California 95814-4497
     Telephone:   (916) 447-9200
6    Facsimile:   (916) 329-4900

7    Attorneys for Debtor
     City of Stockton

8

9                  UNITED STATES BANKRUPTCY COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11                      SACRAMENTO DIVISION

12

13    In re:                            Case No.   2012-32118

14    CITY OF STOCKTON, CALIFORNIA,      Chapter 9

15            Debtor.                **NOTICE OF COMMENCEMENT OF
                                        CHAPTER 9 CASE**

16

17

18    **TO ALL CREDITORS OF THE CITY OF STOCKTON, CALIFORNIA, AND TO**

19    **PARTIES IN INTEREST.  PLEASE TAKE NOTICE THAT:**

20          **COMMENCEMENT OF CHAPTER 9 CASE**.  On June 28, 2012, the City of Stockton,

21    California (the "City") commenced a case under chapter 9 of title 11 of the United States Code

22    (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of

23    California, Sacramento Division (the "Court").  The chapter 9 case is pending before the

24    Honorable Christopher M. Klein, Chief United States Bankruptcy Judge.  All documents filed

25    with the Court are available for inspection via the PACER system, which may be accessed on a

26    subscription basis at the following internet address: www.caeb.uscourts.gov.  In addition, the City

27    is in the process of adding a chapter 9 link to its website, www.stocktongov.com.  Such link will

28    contain, among other things, key pleadings filed in the bankruptcy case.

NOTICE OF COMMENCEMENT
OF CHAPTER 9 CASE

1       **AUTOMATIC STAY**.  Pursuant to sections 362 and 922 of the Bankruptcy Code, 11

2   U.S.C. §§ 362 and 922, the filing of the City's chapter 9 petition operates as an automatic stay of

3   actions against the City, including, among other things, the enforcement of any judgment, any act

4   to obtain property from the City, any act to create, perfect, or enforce any lien against property of

5   the City, any act to collect, assess or recover a claim against the City, and the commencement or

6   continuation of any judicial, administrative, or any other action or proceeding against the City or

7   against an officer or inhabitant of the City that seeks to enforce a claim against the City.

8       **PURPOSE OF THE CHAPTER 9 FILING**.  Chapter 9 of the Bankruptcy Code

9   provides a means for a municipality, such as the City, that has encountered financial difficulty to

10  work with its creditors to adjust its debts.  The primary purpose of chapter 9 is to allow the

11  municipality to continue its operations and its provision of services while it adjusts or restructures

12  creditor obligations.  Pursuant to the Tenth Amendment to the United States Constitution and to

13  Bankruptcy Code sections 903 and 904 (11 U.S.C. §§ 903 and 904), in a chapter 9 case, the

14  jurisdiction and powers of the bankruptcy court are limited such that the court may not interfere

15  with any of the political or governmental powers of the City, or the City's use or enjoyment of

16  any income-producing property.  The City intends to propose a plan for the adjustment of its

17  debts.  Future notice concerning any such plan will be provided to all known creditors.  During

18  the bankruptcy case, the City will remain in possession and control of its property, and will

19  maintain its operations for the benefit of the public.

20      **DEADLINE FOR OBJECTIONS TO PETITION AND ENTRY OF AN ORDER**

21  **FOR RELIEF**.  Objections to the chapter 9 petition may be filed by a creditor or party in interest

22  by no later than 5:00 p.m. Pacific time on Thursday, August 9, 2012.  If you are an authorized

23  user of the Court's CM/ECF system, any such objection shall be filed via the Court's CM/ECF

24  system.  If you are not an authorized user of the Court's CM/ECF system, a written objection

25  must be sent by means calculated to reach the Court no later than 5:00 p.m. on August 9, 2012 at

26  the following address:  The Clerk of the United States Bankruptcy Court for the Eastern District

27  of California, Sacramento Division, 501 I Street, Sacramento, California 95814.

28      Any objection shall state the facts and legal authorities relied upon in support thereof, and

NOTICE OF COMMENCEMENT
OF CHAPTER 9 CASE

1    shall be served on or before the same date on the following parties (collectively, the "Special

2    Notice Parties"):  (1) the United States Trustee; (2) the City; (3) the City Attorney; (4) the City's

3    chapter 9 counsel; (5) the creditors holding the 20 largest unsecured claims against the City; (6)

4    counsel for Union Bank, N.A., Wells Fargo Bank, and Dexia Credit Local, as the Trustees of

5    certain bond indebtedness of the City; (7) counsel for National Public Finance Guarantee

6    Corporation and Assured Guaranty, the City's bond insurers; (8) California Public Employees

7    Retirement System; (9) counsel for the Stockton Police Management Association, Stockton

8    Police Officers' Association, Stockton Fire Management Unit, International Association of

9    Firefighters Local 456, Stockton Mid-Management/Supervisory Level Unit, and Stockton City

10    Employees' Association; (10) counsel for Operating Engineers Local 3; (11) counsel for the

11    Association of Retired Employees of the City of Stockton; (12) counsel for Franklin Advisers,

12    Inc.; (13) counsel for the United States Department of Housing and Urban Development; (14)

13    counsel for the Howard Jarvis Taxpayers Association; (15) counsel for the Price Judgment

14    Creditors; and (16) any other party who has filed a request for special notice with the Court.  The

15    contact information for such persons may be found on the Special Notice List that the City will

16    file with the Court prior to the publication of this Notice.

17         **HEARING ON OBJECTIONS**.  If no objection is timely filed, the filing of the petition

18    shall be deemed an order for relief under chapter 9 of the Bankruptcy Code, and this notice shall

19    be deemed notice of such order for relief.  If a timely objection is filed and served, the Court has

20    set a status conference for Thursday, August 23, 2012, at 10:00 a.m. Pacific time in Courtroom 35

21    at the United States Bankruptcy Court for the Eastern District of California, Sacramento Division,

22    501 I Street, 6th floor, Sacramento, California 95814.  At such time, the Court will consider

23    setting other dates.

24

25

26

27

28

NOTICE OF COMMENCEMENT
OF CHAPTER 9 CASE

1    **FAILURE TO FILE A TIMELY WRITTEN OPPOSITION WILL RESULT IN THE**

2    **ORDER FOR RELIEF BEING ENTERED**.

3    Dated: July 6, 2012                                    MARC A. LEVINSON
                                                                 NORMAN C. HILE
4                                                            JOHN W. KILLEEN
                                                                 Orrick, Herrington & Sutcliffe LLP
5

6
                                                                 By: */s/ Marc A. Levinson*
7                                                            _____
                                                                 MARC A. LEVINSON
8                                                            Attorneys for Debtor
                                                                 Debtor
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHSUSA:750862021.4

NOTICE OF COMMENCEMENT
                                                                 OF CHAPTER 9 CASE