# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 9 |
| | : | |
| CITY OF CHESTER, PENNSYLVANIA, | : | Case No. 22-13032 |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER (A) DIRECTING AND APPROVING FORM OF NOTICE OF
COMMENCEMENT OF CASE AND MANNER OF SERVICE AND
PUBLICATION OF NOTICE, (B) ESTABLISHING A DEADLINE FOR
OBJECTIONS TO ELIGIBILITY, AND (C) GRANTING RELATED RELIEF**

This matter coming before the Court on the *Motion of Debtor for Entry of an Order (A) Directing and Approving Form of Notice of Commencement of Case and Manner of Service and Publication of Notice, (B) Establishing a Deadline for Objections to Eligibility, and (C) Granting Related Relief* (the "Motion"), filed by the City of Chester ("Chester" or the "City");[1] the Court having reviewed the Motion, the Doweary Declaration, and the Kapoor Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334 and Section 921(b) of the Bankruptcy Code, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances, and (d) the form of the Notice of Commencement and the manner of service and publication of the Notice of Commencement proposed in the Motion satisfy the requirements of Section 923 of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Motion, the Doweary Declaration, the Kapoor Declaration, and at the Hearing establish just cause for the relief granted herein;

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    The form of Notice of Commencement attached hereto as Exhibit A is hereby APPROVED pursuant to Section 923 of the Bankruptcy Code.

3.    The Proposed Noticing Agent is directed to mail the Notice of Commencement to the parties identified on the Creditor List within three business days after the entry of this Order.

4.    The City shall cause the Notice of Commencement to be published once a week for three consecutive weeks, with the first publication to occur within five business days after the entry of this Order or as soon thereafter as practicable, in the *Philadelphia Inquirer* and *The Bond Buyer*. The City shall file with the Court proof of publication not later than 14 calendar days after the last publication. In addition, the City intends to post the Notice of Commencement on the Proposed Noticing Agent's website at https://www.donlinrecano.com/chesterpa, which will provide further notice to the residents of the City. The City is not required to publish the Notice of Commencement in the *Legal Intelligencer of Philadelphia*. The City may modify the Notice of Commencement to the extent necessary or appropriate to conform the Notice of Commencement to publication, and may reformat the Notice of Commencement to minimize the number of pages for service.

5.    The service and publication of the Notice of Commencement in accordance with this Order provides sufficient notice of the City's case and satisfies the requirements of Section 923 of the Bankruptcy Code.

6.    Any Eligibility Objections must be filed with the Court by no later than December 16, 2022 (the "Eligibility Objection Deadline").

7. Any Eligibility Objections shall state the facts and legal authorities in support of such objections; shall comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules; and shall be filed with the Bankruptcy Court and served by mailing a copy of the same to the following parties so as to be actually received by the Eligibility Objection Deadline: (a) the City: Commonwealth Keystone Building, 400 North Street, 4th Floor, Harrisburg, Pennsylvania 17120 (Attn: Michael T. Doweary, Receiver and Vijay Kapoor, Chief of Staff); and (b) counsel to the City: (i) Ballard Spahr LLP, 1735 Market Street, 51st Floor, Philadelphia, Pennsylvania, 19103 (Attn: Tobey M. Daluz, Esq. and Margaret A. Vesper, Esq.) and (ii) Ballard Spahr LLP, 919 North Market Street, 11th floor, Wilmington, Delaware 19801 (Attn: Matthew G. Summers, Esq.; Laurel D. Roglen, Esq.; and Chantelle D. McClamb, Esq.); and (c) The Office of the United States Trustee, Robert NC Nix, Sr. Federal Building, 900 Market Street, Suite 320, Philadelphia, PA 19107 (Attn: John Schanne, Esq.).

8. If any Eligibility Objections are filed and served on the above parties on or before the Eligibility Objection Deadline in accordance with this Order, the Court shall hold a status conference on December __, 2022 at __:__ _.m. (ET) to consider establishment of dates and procedures with respect to adjudication of any such Eligibility Objection.

9. Any Eligibility Objections must be advocated in person or remotely, as appropriate and in accordance with the Court's procedures, at any and all hearings on such objection, or the Court in its discretion may not consider such Eligibility Objections.

10. If no objections are timely and properly filed and served in accordance with this Order, or if all timely and proper Eligibility Objections are overruled by this Court or resolved, the filing of the City's chapter 9 petition shall be deemed an order for relief under chapter 9 of the Bankruptcy Code, and the Notice of Commencement shall be deemed notice of order for relief.

11.     If no timely and proper Eligibility Objections are filed and served in accordance with this Order, no hearing will be conducted and the City's request for relief under chapter 9 of the Bankruptcy Code will be deemed granted.

12.     Nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent pursuant to Section 904 of the Bankruptcy Code to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City, or (c) the City's use or enjoyment of any income-producing property.

13.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement or interpretation of this Order.

Dated: _____                    _____
                                                  United States Bankruptcy Judge

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| In re: | : | Chapter 9 |
| | : | |
| CITY OF CHESTER, PENNSYLVANIA, | : | Case No. 22-13032 |
| | : | |
| Debtor. | : | |
| | : | |

**NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 9, NOTICE OF AUTOMATIC STAY AND PURPOSES OF CHAPTER 9, NOTICE OF DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO THE CHAPTER 9 PETITION,**

**TO ALL CREDITORS OF THE CITY OF CHESTER, PENNSYLVANIA, AND TO OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Commencement of Chapter 9 Case**

1. On November 10, 2022, the City of Chester Pennsylvania (the "City") commenced a case (the "Chapter 9 Case") under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"). The City's Chapter 9 Case was commenced pursuant to authorization (the "Bankruptcy Authorization") provided to Michael Doweary (the "Receiver") on February 8, 2022 by Dennis M. Davin, the Secretary of the Pennsylvania Department of Community and Economic Development (the "DCED") under the Bankruptcy Code and the Pennsylvania Municipal Financial Recovery Act of July 10, 1987, P.L. 246, No. 47 ("Act 47"). The Chapter 9 Case is pending before the Honorable _____, United States Bankruptcy Judge for the Eastern District of Pennsylvania.

**Automatic Stay**

2. Pursuant to Sections 362 and 922 of the Bankruptcy Code, the filing of the City's chapter 9 petition operates as an automatic stay of actions against the City, including among other

things, (a) the enforcement of any judgment; (b) any action to obtain property from the City; (c) any act to create, perfect, or enforce any lien against property of the City; (d) any act to collect, access, or recover a claim against the City; and (e) the commencement or continuation of any judicial, administrative or any other action or proceeding against the City, the Receiver, or any other officer or inhabitant of the City that seeks to enforce a claim against the City.

**Purpose of the Chapter 9 Filing**

3.  Chapter 9 of the Bankruptcy Code provides a means for a municipality (such as the City) that has encountered financial difficulty to work with its creditors and adjust its debts. The primary purpose of chapter 9 is to allow the municipality to continue its operations and its provision of services while it adjusts or restructures creditor obligations. In a chapter 9 case, the jurisdiction and powers of the Bankruptcy Court are limited such that it may not interfere with any of the political or governmental powers of the City or the City's use or enjoyment of any income-producing property. During this Chapter 9 Case, the Receiver will continue to manage the affairs of the City according to his authority under Act 47. Under Act 47, the Receiver acts on the City's behalf in this Chapter 9 Case.

4.  The City intends to propose a plan for the adjustment of its debts. Further notice concerning any such plan will be provided to all known creditors.

**Deadline for Objections to Petition and Entry of an Order for Relief**

5.  The City has filed support for its eligibility to be a debtor under chapter 9 of the Bankruptcy Code (the "Documentary Support").[1] Objections to the City's chapter 9 petition may

---

[1] The Documentary Support includes: (a) a Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code; (b) an accompanying memorandum of law; (c) supporting declarations of Michael Doweary and Vijay Kapoor; and (d) the accompanying exhibits for each of the foregoing. The City reserves the right to file additional papers in support of its eligibility for chapter 9 relief and in opposition to any objections thereto.

2

be filed by a creditor or party in interest by no later than December 16, 2022 (the "Eligibility Objection Deadline"). Any such Eligibility Objections shall state the facts and legal authorities in support of such objections; shall comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules; and shall be filed with the Bankruptcy Court and served by mailing a copy of the same to the following parties so as to be actually received by the Eligibility Objection Deadline: (a) the City: Commonwealth Keystone Building, 400 North Street, 4th Floor, Harrisburg, Pennsylvania 17120 (Attn: Michael T. Doweary, Receiver and Vijay Kapoor, Chief of Staff); and (b) counsel to the City: (i) Ballard Spahr LLP, 1735 Market Street, 51st Floor, Philadelphia, Pennsylvania, 19103 (Attn: Tobey M. Daluz, Esq. and Margaret A. Vesper, Esq.) and (ii) Ballard Spahr LLP, 919 North Market Street, 11th floor, Wilmington, Delaware 19801 (Attn: Matthew G. Summers, Esq.; Laurel D. Roglen, Esq.; and Chantelle D. McClamb, Esq.); and (c) The Office of the United States Trustee, Robert NC Nix, Sr. Federal Building, 900 Market Street, Suite 320, Philadelphia, PA 19107 (Attn: John Schanne, Esq.).

6. If any Eligibility Objections are filed and served on the above parties on or before the Eligibility Objection Deadline in accordance with this Order, the Court shall hold a status conference on December __, 2022 at __:__ _.m. (ET) to consider establishment of dates and procedures with respect to adjudication of any such Eligibility Objection.

7. Any Eligibility Objections must be advocated in person or remotely, as appropriate and in accordance with the Court's procedures, at any and all hearings on such objection, or the Court in its discretion may not consider such Eligibility Objections.

8. Proceedings in this Chapter 9 Case will not be stayed pending the Court's adjudication of any Eligibility Objections and entry of an order for relief.

3

9. If no timely and proper Eligibility Objections are filed and served in accordance with this Order, no hearing will be conducted and the City's request for relief under chapter 9 of the Bankruptcy Code will be deemed granted.

**IF NO OBJECTIONS ARE TIMELY AND PROPERLY FILED, OR IF ALL TIMELY AND PROPER ELIGIBILITY OBJECTIONS ARE OVERRULED BY THE COURT OR RESOLVED, THE FILING OF THE CITY'S CHAPTER 9 PETITION SHALL BE DEEMED AN ORDER FOR RELIEF UNDER CHAPTER 9 OF THE BANKRUPTCY CODE, AND THIS NOTICE SHALL BE DEEMED NOTICE OF ORDER FOR RELIEF.**

**Case Information**

10. All documents filed in this case are available free of charge at the City's restructuring website at https://www.donlinrecano.com/chesterpa or, on a paid subscription basis, through the Bankruptcy Court's PACER system at ecf.paeb.uscourts.gov. Additional information about the City's restructuring is available on the City's restructuring website at https://www.donlinrecano.com/chesterpa. Inquiries about this case also may be directed to the City's Chapter 9 Information Hotline at 1-866-673-8052.

**BY ORDER OF THE COURT**

4