# **EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| In re: | : | Chapter 9 |
| | : | |
| CITY OF CHESTER, PENNSYLVANIA, | : | Case No. 22-13032 |
| | : | |
| Debtor. | : | |
| | : | |

**DECLARATION OF NELLWYN VOORHIES IN SUPPORT OF MOTION OF DEBTOR FOR ENTRY OF AN ORDER APPOINTING DONLIN, RECANO & COMPANY, INC. AS CLAIMS AND NOTICING AGENT PURSUANT TO 28 U.S.C. § 156(c), SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2002**

I, Nellwyn Voorhies, being duly sworn, state the following under penalty of perjury:

1. I am the President of Donlin, Recano & Company, Inc. ("Donlin Recano"), with offices located at 6201 15th Avenue, Brooklyn, New York 11219. The matters set forth herein are made of my own personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. This Declaration is made in support of the *Motion of the Debtor for Entry of an Order Appointing Donlin, Recano & Company, Inc., as Claims and Noticing Agent Pursuant to 28 U.S.C. § 156(c), Section 105(a) of the Bankruptcy Code, and Bankruptcy Rule 2002* (the "Motion").[1]

3. Donlin Recano represents, among other things, the following:

   a. Donlin Recano will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the claims and noticing agent in this chapter 9 case;

   b. By accepting employment in this chapter 9 case, Donlin Recano waives any rights to receive compensation from the United States government as claims and noticing agent;

---

[1] Capitalized terms used but not defined herein shall have the meaning given to them in the Motion.

      c.      In its capacity as the claims and noticing agent in this chapter 9 case, Donlin Recano will not be an agent of the United States and will not act on behalf of the United States;

      d.      Donlin Recano will not employ any past or present employees of the City in connection with its work as the claims and noticing agent in this chapter 9 case;

      e.      In its capacity as claims and noticing agent in this chapter 9 case, Donlin Recano will not intentionally misrepresent any fact to any person;

      f.      Donlin Recano shall be under the supervision and control of the Clerk's Office with respect to the receipt and recordation of claims and claim transfers; and

      g.      None of the services provided by Donlin Recano as claims and noticing agent shall be at the expense of the Clerk's Office.

4.      The City has many creditors, and accordingly, Donlin Recano may have rendered and may continue to render services to certain of these creditors in matters unrelated to these cases, either as vendors or in cases where Donlin Recano serves in a neutral capacity as a bankruptcy claims and noticing agent, as a class action settlement administrator, or in a similar capacity. Donlin Recano has not and will not provide services in the separate interests of any such creditor in this chapter 9 case. To the best of my knowledge, neither Donlin Recano nor any of its professional personnel have any relationship with the City that would impair Donlin Recano's ability to serve as claims and noticing agent. Donlin Recano has working relationships with certain of the professionals retained by the City and other parties herein, but such relationships are completely unrelated to the City's case. In addition, Donlin Recano personnel may have relationships with some of the City's creditors. Such relationships are, however, of a personal, financial nature and are wholly unrelated to the City's chapter 9 case. Donlin Recano has and will continue to work with clients in matters unrelated to this chapter 9 case and has had and will

2

continue to have relationships in the ordinary course of its business with certain vendors and professionals in connection with matters unrelated to this chapter 9 case.

5. Donlin Recano is an affiliate of American Stock Transfer & Trust Company, LLC ("AST"), Equiniti and D.F. King & Co., Inc. ("DF King," and collectively, the "Affiliates"). As described in detail herein, Donlin Recano does not have any control over the Affiliates and lacks knowledge of the Affiliates' clients other than as set forth herein.

6. The Affiliates provide stock transfer solution services primarily to public companies or companies intending to trade shares publicly. These services include transfer agency services, initial public offering counseling, proxy solicitation assistance and data analysis, and electronic transmission of data services. The Affiliates do not provide advisory services in restructurings.

7. Neither Donlin Recano nor its affiliates are party to any agreements where it receives consideration in exchange for transferring information derived from its role as a claims agent under 28 U.S.C. § 156(c) in cases in the Eastern District of Pennsylvania or elsewhere to non-client third parties. Donlin Recano previously had an agreement with X-Claim, Inc., whereby Donlin Recano provided public claims data in a few cases. Donlin Recano never received any compensation whatsoever from that agreement, and it was terminated August 30, 2022.

8. To the best of my knowledge and except as disclosed herein, Donlin Recano does not have any interest materially adverse to the City in connection with any matter on which it would be employed. I received a list of parties in interest in this bankruptcy case and caused an examination of these records to be made to determine which, if any, of the parties in interest Donlin Recano may have connections to. This search has disclosed that, to the best of my knowledge, Donlin Recano has no connections to any party in interest that would cause a conflict.

9. To the extent that Donlin Recano discovers any facts bearing on matters described herein, Donlin Recano will supplement information contained herein.

10. Donlin Recano will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United State for the implementation of 28 U.S.C. § 156(c) and comply with all orders of the Court, including the existing administrative orders pertaining to claims agents.

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 9, 2022

_____
Nellwyn Voorhies
President
Donlin, Recano & Company, Inc.

5