**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 9 |
|  | : |  |
| CITY OF CHESTER, PENNSYLVANIA, | : | Case No. 22-13032 |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

**ORDER FINDING THAT 11 U.S.C. § 362 DOES NOT OPERATE AS A STAY OF THE
RECEIVER'S MODIFICATION OF AMENDED RECOVERY PLAN PENDING
BEFORE THE COMMONWEALTH COURT OF PENNSYLVANIA**

This matter having come before the Court on the *Motion for an Order Finding that 11 U.S.C. §362 Does Not Operate as a Stay of the Receiver's Modification of Amended Recovery Plan Pending Before the Commonwealth Court of Pennsylvania, or Alternatively Granting Limited Relief from the Automatic Stay* [Docket No. __] (the "Motion")[2] filed by the City of Chester, Pennsylvania (the "City"); the Court having reviewed the Motion, the Doweary Declaration and the Kapoor Declaration; the Court having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances; and (d) the Court having determined that the legal and factual bases set forth in the Motion, the Doweary Declaration, the Kapoor Declaration and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED that:

1.    The Motion is GRANTED.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2.      The automatic stay under Section 362(a) of the Bankruptcy Code is not in effect and does not operate to stay to the Modification filed by the Receiver in the case styled *Neal R. Weaver in his capacity as Acting Secretary of the Department of Community and Economic Development v. City of Chester*, Case No. 336 MD 2020, pending in the Commonwealth Court of Pennsylvania.

3.      The City, the Receiver, and the Commonwealth Court are hereby authorized to take all actions reasonably necessary to effectuate the terms of this Order to allow the Modification to proceed, be heard and decided by the Commonwealth Court.

4.      Nothing herein or in the Motion is intended to, shall constitute or shall be deemed to constitute the City's consent pursuant to Section 904 of the Bankruptcy Code to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City, or (c) the City's use or enjoyment of income-producing property.

5.      Notwithstanding Federal Rule of Bankruptcy Procedure 4001(a)(3), this Order shall be effective and enforceable immediately upon entry, and any stay pursuant to Federal Rule of Bankruptcy Procedure 4001 shall not apply.

6.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2022

_____
UNITED STATES BANKRUPTCY JUDGE

2