# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| In re: | : | Chapter 9 |
| | : | |
| CITY OF CHESTER, PENNSYLVANIA, | : | Case No. 22-13032 |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER (I) APPOINTING A JUDICIAL MEDIATOR, (II) REFERRING CERTAIN MATERS TO MANDATORY MEDIATION, AND (III) GRANTING RELATED RELIEF**

This matter having come before the Court on the *Motion for an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief* [Docket No. __] (the "Motion")[3] filed by the City of Chester, Pennsylvania (the "City"); the Court having reviewed the Motion, the Doweary Declaration and the Kapoor Declaration; the Court having considered the statements of counsel with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances; and (d) the Court having determined that the legal and factual bases set forth in the Motion, the Doweary Declaration, the Kapoor Declaration and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED that:

1. Pursuant to Section 105(a) of the Bankruptcy Code and Local Bankruptcy Rule 9019-2, the Motion is GRANTED.

2. _____ is appointed as the Mediator for the Mediation

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Issues, which include:

    a. Monetization of the Water Assets (as defined in the Kapoor Declaration) and resolution of all related litigation;

    b. Monetization of the Sewage Assets (as defined in the Kapoor Declaration) and resolution of the related litigation;

    c. Restructuring the 2017 Bonds (as defined in the Doweary Declaration) and the adversary proceeding commenced by the City on the Petition Date relating to the 2017 Bonds;

    d. Restructuring amounts owed to Delaware County;

    e. Negotiation of new collective bargaining agreements with the Unions;

    f. The funding of the Pension Plans;

    g. Adjustment of retiree medical and prescription benefits;

    h. The terms of a plan of adjustment; and

    i. Any additional issues and disputes that may be raised in the Mediation by any Mediation Parties, with the consent of the City and Mediator or an Order from this Court.

    3. The Mediation Parties shall participate in the mediation. The Mediation Parties include: (a) the City as represented by the Receiver; (b) the three unions that represent the City's unionized employees: Lodge No. 19 of the Fraternal Order of Police, the Local 1400 of the International Association of Firefighters, and the Teamsters Local 107; (c) representatives of the City's current retirees or a retiree committee if one is formed after entry of an order for relief; (d) the trustees under the indentures for the 2010 Bonds and the 2017 Bonds and the majority bondholder, Preston Hollow Community Capital; (e) the Chester Water Authority; (f) Delaware County, Pennsylvania; (g) Delaware County Regional Water Quality Control Authority; and (h) any other parties the Mediator and the City agree in the future should participate in the mediation process or such other parties as the Court orders to participate.

4. The following procedures for the Mediation are hereby approved:

   a. **Mandatory Mediation.** The Mediation Parties shall proceed to Mediation regarding the Mediation Issues. The Mediation shall be conducted on multiple days in multiple sessions. The Mediation will be subject to the confidentiality provisions set forth in Local Rule 9019-2(k)(1)-(6) and subject to Fed. R. Evid. 408. No communications or documents exchanged during the Mediation shall operate as an admission on any issue.

   b. **Mediator.** The Mediator appointed pursuant to this Order shall not be compensated. Upon further approval of this Court, the Mediator shall have the discretion to appoint additional mediators with specialized knowledge or skill to oversee the mediation of particular Mediation Issues.

   c. **Time, Place and Manner for the Mediation Sessions.** Unless otherwise expressly agreed by the Mediation Parties or directed by the Mediator, all mediation sessions shall take place either in-person or via Zoom at a time and location chosen by the Mediator. The Mediator, in consultation with the City and its counsel, shall determine the order, timing, participants and issues to be addressed in each mediation session. Within 14 days of the Mediator's appointment by the Court, the Mediator shall have an initial meeting with the City and its counsel to determine the order, timing, participants, and issues to be addressed in each mediation session. Within 5 days after the initial meeting between the City and the Mediator, the Mediator shall give notice to the Mediation Parties of the date, time, participants, and location of the initial mediation conference, and whether participation shall be in person or via Zoom. Each Mediation Party ordered by the Mediator to participate in a particular mediation session shall cause a principal, with settlement authority, and its counsel (if it has counsel), to attend the mediation session and each subsequent mediation session in which the Mediator requires such party to participate. Each Mediation Party shall provide a list of its participating representatives and counsel to the Mediator and counsel for the City no later than 5 days prior to the mediation. The Mediator shall have discretion to limit the number of participating representatives. The Mediator shall establish the deadlines, form, and page limits for the submission of mediation statements or other relevant materials in connection with the initial conference with the City, the initial mediation conference, and each subsequent mediation conference. Mediation statements shall not be subject to the page limits or timing set forth in Local Rule 9019-2(n)(2) but, instead, shall be subject to the directions provided by the Mediator. The Mediation shall continue throughout the duration of the City's bankruptcy case unless all Mediation Issues are resolved, the Mediator

19

      determines further mediation sessions would be futile, or the Court orders otherwise.

    d. **Mediator's Reports.** The Mediator shall file quarterly status reports with the Court on or before the last business day of each calendar quarter, with the first such report being due on or before March 31, 2023. The status reports shall not breach mediation confidentiality or privilege but shall state the dates on which mediation sessions were held, the parties that attended such sessions, whether a settlement or resolution was reached, whether, in the Mediator's view, progress is being made toward resolution, the anticipated dates and participants in mediation sessions for the next quarter, and whether further mediation on any particular issues is futile and should be discontinued.

5. Nothing herein or in the Motion is intended to, shall constitute or shall be deemed to constitute the City's consent pursuant to Section 904 of the Bankruptcy Code to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City, or (c) the City's use or enjoyment of income-producing property.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2022

                        _____

                        United States Bankruptcy Judge