**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 9 |
| | : | |
| CITY OF CHESTER, PENNSYLVANIA, | : | Case No. 22-13032 |
| | : | |
| Debtor. | : | Judge Ashely M. Chan |
| | : | |

## NOTICE OF EXPEDITED HEARING ON INITIAL MOTIONS OF DEBTOR

**TO THE PARTIES RECEIVING THIS NOTICE:**

1.      On November 10, 2022 (the "Petition Date"), the City of Chester ("Chester" or the "City"), commenced a case (the "Chapter 9 Case") under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").  The Chapter 9 Case is pending before the Honorable Ashely M. Chan, United States Bankruptcy Judge.

2.      On November 10, 2022, the City filed a motion [Docket No. 15] (the "Expedited Hearing Motion") seeking an expedited hearing on certain motions filed on the Petition Date (collectively, the "Initial Motions").

3.      On November 10, 2022, the Court entered an order [Docket No. 19] approving the relief requested in the Expedited Hearing Motion (the "Expedited Hearing Order").  By the Expedited Hearing Order, the Court scheduled a hearing on the Initial Motions for 2:00 p.m. (ET) on November 15, 2022, in Courtroom #4 at the United States Bankruptcy Court for the Eastern District of Pennsylvania., Robert N.C. Nix Sr., Federal Building & Post Office, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania 19107 (the "Initial Hearing").  A copy of the Expedited Hearing Order is attached hereto as **Appendix I**.

4.      The Initial Motions consist of the following:

    a.      Motion of Debtor for Entry of an Order (A) Directing and Approving Form of Notice of Commencement of Case and Manner of Service and Publication of Notice, (B) Establishing a Deadline for Objections to Eligibility, and (C) Granting Related Relief [Docket No. 8] (the "<u>Eligibility Scheduling and Notice Motion</u>";

    b.      Motion of Debtor for Entry of an Order Appointing Donlin, Recano & Company, Inc. as Claims and Noticing Agent Pursuant to 28 U.S.C. § 156(c), Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2002 [Docket No. 9] (the "<u>Claims Agent Motion</u>"); and

    c.      Motion for an Order Finding that 11 U.S.C. § 362 Does Not Operate as a Stay of the Receiver's Modification of Recovery Plan Pending Before the Commonwealth Court of Pennsylvania, or Alternatively, for Relief from the Automatic Stay [Docket No. 10] (the "<u>Stay Clarification Motion</u>").

**IF YOU WISH TO BE HEARD WITH RESPECT TO THE RELIEF REQUESTED BY THE CITY IN ANY OF THE INITIAL MOTIONS, THEN YOU MUST APPEAR AT THE INITIAL HEARING, EITHER IN PERSON OR TELEPHONICALLY PURSUANT TO THE BANKRUPTCY COURT'S PROCEDURES FOR TELEPHONIC PARTICIPATION AT HEARINGS.**

5.      Copies of the Initial Motions are being served on you and are available, along with all other documents filed in this case, free of charge at the City's restructuring website at http://www.donlinrecano.com/chesterpa or, on paid subscription basis, through the Bankruptcy Court's PACER system at <u>ecf.paeb.uscourts.gov</u>.

6.      If you wish to receive further notices in this Chapter 9 Case, you are encouraged to appear formally and file with the Bankruptcy Court a written request for service of papers pursuant to the Federal Rules of Bankruptcy Procedure.

**BY ORDER OF THE COURT**

**APPENDIX I**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| In re: | : | Chapter 9 |
| | : | |
| CITY OF CHESTER, PENNSYLVANIA, | : | Case No. 22-13032 |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER (A) SCHEDULING AN EXPEDITED HEARING ON CERTAIN INITIAL
MOTIONS FILED BY THE DEBTOR, (B) LIMITING NOTICE OF HEARING, AND
(C) APPROVING FORM AND MANNER OF NOTICE**

This matter coming before the Court on the *Motion of the Debtor for Entry of an Order (A) Scheduling an Expedited Hearing on Certain Initial Motions Filed by Debtor, (B) Limiting Notice of Hearing, and (C) Approving Form and Manner of Notice* (the "Motion"),[1] filed by the City of Chester ("Chester" or the "City"); the Court having reviewed the Motion, the *Declaration of Michael Doweary in Support of the City of Chester, Pennsylvania's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* (the "Doweary Declaration"), and the *Declaration of Vijay Kapoor in Support of the City of Chester, Pennsylvania's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* (the "Kapoor Declaration"),and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (c) the circumstances justify an expedited hearing on the Initial Motions; and the Court having determined that the legal and factual bases set forth in the Motion, the Doweary Declaration, and the Kapoor Declaration establish just cause for the relief granted herein, and no hearing on the Motion is necessary;

IT IS HEREBY ORDERED THAT:

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

1.      The Motion is GRANTED as set forth herein.

2.      The Court shall conduct a hearing, in person, on the Initial Motions at 2:00 p.m. (ET) on November 15, 2022, in Courtroom #4 at the United States Bankruptcy Court for the Eastern District of Pennsylvania., Robert N.C. Nix Sr., Federal Building & Post Office, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania 19107.

3.      The form of notice attached as **Exhibit B** to the Motion (the "Notice") is hereby APPROVED.  Under the circumstances, service of the Notice and the Initial Motions on the Initial Notice Parties by e-mail transmission (where e-mail information is known) and by hand delivery or overnight courier upon all Initial Notice Parties is adequate and appropriate notice of the Initial Motions and the Initial Hearing.

4.      Nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent pursuant to Section 904 of the Bankruptcy Code to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City, or (c) the City's use or enjoyment of any income-producing property.

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this Order.

Dated:  ___November 10, 2022___          _____

ASHELY M. CHAN,
United States Bankruptcy Judge