IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : <br> CITY OF CHESTER, PENNSYLVANIA, : <br> : <br> Debtor. : <br> : | Chapter 9 <br><br> Case No. 22-13032-amc <br><br> Related to Docket No. 10 |

**CHESTER WATER AUTHORITY'S OBJECTION TO DEBTOR'S MOTION FOR AN ORDER FINDING THAT 11 U.S.C. § 362 DOES NOT OPERATE AS A STAY OF THE RECEIVER'S MODIFICATION OF AMENDED RECOVERY PLAN PENDING BEFORE THE COMMONWEALTH COURT OF PENNSYLVANIA, OR ALTERNATIVELY FOR RELIEF FROM THE AUTOMATIC STAY**

Chester Water Authority ("CWA" or the "Authority") submits this limited objection to the Motion for an Order Finding that 11 U.S.C. § 362 Does Not Operate as a Stay of the Receiver's Modification of Amended Recovery Plan Pending Before the Commonwealth Court of Pennsylvania, Or, Alternatively, for Relief of the Automatic Stay (the "Debtor's Motion"), to preserve its substantive and procedural rights and ensure that the relief requested by Debtor herein is not utilized to effect an end-run around Pennsylvania Supreme Court proceedings while the Debtor's requested mediation occurs within the purview of this Court.   In support thereof, CWA avers as follows:

1.   The Debtor filed its Motion on November 10, 2022, requesting, on an expedited basis, that the Court lift the stay of proceedings in a Commonwealth Court matter, *Weaver v. City of Chester*, 336 MD 2020 (Commonwealth Ct., Ceisler, J.) (hereinafter, the Commonwealth

Court Matter").[1]  Filed days before its Motion, and now pending in the Commonwealth Court Matter, is the Receiver's request for Court approval of the Receiver's modification of his Amended Recovery Plan (hereinafter, the "Plan Modification") that seeks certain relief in the Receiver's favor, and against Chester City officials and "authorities," as the term is defined in Section 701 of Act 47.[2]

2. Chester Water Authority (hereinafter "CWA" or the "Authority") is a multi jurisdictional joint water authority, providing clean and affordable water to approximately 200,000 people and businesses across 37 municipalities throughout Chester and Delaware Counties, as well as to customers in Maryland and Delaware.  The Authority is a perennial recipient of industry water quality awards; its water consistently meets or exceeds all governmental testing criteria. Its infrastructure is well-maintained, with regular maintenance procedures and capital project programs in effect. The Authority has an actuarially sound pension and exemplary bond and customer satisfaction ratings.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[1] Brought initially by former Secretary Dennis Davin on behalf of the Pennsylvania Department of Community and Economic Development and initially caption *Davin v. Pennsylvania Depart. Of Comm. And Econom. Dev.*, 336 MD 2020.

[2] Section 701 defines an authority as "a municipal authority, parking authority or any other authority or corporate entity that is directly or indirectly controlled by a distressed municipality or to which a distressed municipality has power of appointment. The term shall not include a joint municipal authority." 53 Pa.C.S. § 11701.701.



3. Presently, nearly eighty percent (80%) of the Authority's customers are located beyond the borders of the City of Chester.

4. CWA is not a party to the Commonwealth Court Matter, as confirmed by Court Order dated September 2, 2020. CWA does not believe that it should have been served in that matter, and further does not believe that it is subject to the Court's jurisdiction in that matter or to the Receiver's powers through that matter. The Receiver himself objected to CWA's participation in the Commonwealth Court Matter.

5. The Commonwealth Court Matter is only one of more than thirty (30) cases between or involving the City of Chester and/or its Receiver, Michael Doweary. The CWA is a party to several in which the City is also a party and/or has asserted an objection.[3] Two of these

---

[3] A list of the various actions that have been filed between and amongst these parties include:

O-217-2019 – *In re Chester Water Authority Trust*

CV-2019-005400 - *Chester Water Authority, v. Aqua Pennsylvania Inc et al*,

3

---

CV-2019-005976 - *City of Chester, v. Chester Water Authority et al,*

CV-2019-002924 - *Aqua Pennsylvania Inc., v. Chester Water Authority et al,*

CV-2020-002566 - *Chester Water Authority v. City of Chester*

CV-2020-000427 – *Chester Water Authority v. City of Chester*

CV-2021-009082 - *Chester Water Authority v. City of Chester et al*

336 MD 2020 - *Davin, D. v. City of Chester*

504 CD 2020 - *In Re: Chester Water Authority* (Aqua PA, Inc)

514 CD 2020 - *City of Chester v. Chester Water Authority*

46 MAP 2022 - *In Re: Chester Water Auth*; *Appeal of: CWA*

47 MAP 2022 - *In Re: Chester Water Auth; Appeal of: CWA*

48 MAP 2022 - *City of Chester v. Chester Water, Appeal of: CWA*

49 MAP 2022 - *In Re: Chester Water Auth; Appeal of: CWA*

50 MAP 2022 - *In Re: Chester Water Auth; Cross Aplt. Chester Co.*

51 MAP 2022 - *In Re: Chester Water Auth; Cross Aplt. Chester Co.*

52 MAP 2022 - *In Re: Chester Water Auth; Cross Aplt. Chester Co.*

53 MAP 2022 - *In Re: Chester Water Auth; Cross Aplt. Chester Co.*

1013 CD 2019 – *Chester Water Auth v Aqua PA Inc et al (the City)*

1313 CD 2019 – *Chester Water Auth v Aqua PA Inc et al (the City)*

1403 CD 2019 – *Chester Water Auth v Aqua PA Inc et al (the City)*

1448 CD 2019 - *Chester Water Auth v Aqua PA Inc et al (the City)*

1447 CD 2019 - *In Re: Chester Water Authority Trust*

1343 CD 2019 - *In Re: Chester Water Authority Trust*

1393 CD 2019 - *In Re: Chester Water Authority Trust*

57 CD 2020 - *In Re: Chester Water Authority Trust*

489 CD 2020 - *In Re: Chester Water Authority*

504 CD 2020 - *In Re: Chester Water Authority*

514 CD 2020 - *In Re: Chester Water Authority*

685 CD 2020 - *In Re: Chester Water Authority*

350 CD 2021 - *Dinmore, B v. DCED (OOR)*

4

cases, *In re: Chester Water Authority Trust*, O-217-2019 (O.C. Del. Cty.) (the "Trust Case") pending in Pennsylvania Orphans' Court) and *City of Chester v. Chester Water Authority, et al.*, CV-2019-5976 (Del. Cty. C.C.P.) (the "City's Action,") have been consolidated in the Orphans' Court of Pennsylvania and are presently pending on appeal by express permission before the Pennsylvania Supreme Court on the issue of "*whether the City of Chester has a right to seize the assets of the Chester Water Authority pursuant to Section 5622(a) of the Municipality Authorities Act, 53 Pa.C.S. § 5622(a), and sell those assets to address its own unrelated financial distress, while overriding the representational rights granted by Act 73 of 2012, 53 Pa.C.S. §§ 5610(a.1), 5612(a.1), to Delaware and Chester Counties.*" (the "Supreme Court Matters"). **Argument is set for November 30, 2022**.

6. Debtor's Motion is replete with averments to justify the purported need for the requested relief in the Commonwealth Court Matter as to the City's elected officials. CWA takes no position thereon.

7. CWA does however object to Debtor's request to proceed with the Commonwealth Court Matter if it is the Receiver's goal to attempt to affect through the Commonwealth Court Matter any substantive adverse relief as to CWA, who is both a non-party to the Commonwealth Court Proceeding and not subject to the Receiver's powers therein.

8. This is because the Pennsylvania Supreme Court is poised to hear argument on an issue that goes to the heart of the Receiver and/or the City's ability to adversely act against CWA in only a matter of days. The Court accepted the issue on interlocutory appeal by permission, likely recognizing the important impact that the issue of first impression would have on, *inter alia*, the ratepayers of the Authority that are spread throughout Southeastern Pennsylvania, all of whom will be subject to significant and perpetual water rate increases if the Authority is able to

be monetized *via* sale to an investor-owned utility.[4] The issue is of such import to the citizens of this Commonwealth that Representative John Lawrence and House Speaker Bryan Cutler submitted *amici* filings in CWA's favor on behalf of their constituents.

9. Notwithstanding the parties standing essentially on the eve of argument in the Supreme Court Matters, on November 11, 2022, counsel for the City filed a Suggestion of Bankruptcy in the Supreme Court Matters. Based on this filing, and the absence of any request by the Debtor to this Court to lift a stay in the Supreme Court Matter similar to that in the pending Motion, CWA assumes that the City believes that the Supreme Court Matter is stayed pursuant to 11 U.S.C. § 362.[5]

10. It is within this Court's purview to determine application of 11 U.S.C. § 362 and whether if applicable, circumstances may warrant the stay being lifted. *See*, *e.g.*, *In re Iezzi*, 504 B.R. 777, (E.D.Pa. 2014)

11. But in this case, the Debtor has hand-picked one (1) of a multitude of cases that it wants to move forward to the benefit of the Receiver, while it simultaneously obtains the unique protections offered to it by proceeding in this Court. The Debtor has further asked that this Court decide its request on an expedited basis, potentially before some of the identified notice recipients may have even been served.[6]

---

[4] The questions at the core of the Pennsylvania Supreme Court Matters inherently involve questions of how the Commonwealth of Pennsylvania chooses to organize its own sovereign government. Notably, the Pennsylvania Supreme Court has consistently held that municipal authorities are not the creatures, agents or representatives of the municipalities which organize them, but rather are independent agencies of the Commonwealth, and part of its sovereignty." *Com. v. Erie Metro. Transit Auth.*, 281 A.2d 882, 884 (Pa. 1971) (internal quotation marks omitted).

[5] It is not clear to CWA that the automatic stay in bankruptcy applies to the Supreme Court Matters, which arise from a case that the City affirmatively filed against CWA, and a prior case filed by CWA involving trust law issues under the Pennsylvania Constitution and recent Pennsylvania Supreme Court caselaw interpreting it. CWA reserves its rights to analyze and, if appropriate, brief its position on whether or not the automatic stay applies to the Supreme Court Matters.

[6] As of close of business on November 14, 2022, the day before the hearing, CWA had not been served with the Notice and Initial Motions by the means set forth in paragraph 3 of the Court's November 10, 2022 Order (A)

12. CWA submits that Debtor's requested relief should not be granted.

13. First, the stay of the Commonwealth Court Matter pursuant to 11 U.S.C. § 362 is appropriate pursuant to the terms of the statute. No matter how Debtor tries to couch it, the Commonwealth Court Matter is plainly an adversarial proceeding brought against defendant City of Chester, with the relief requested therein – approval of the Receiver's Plan Modification – being pursued by the Debtor's representative, the Receiver, in his capacity as such, to the detriment of his beneficial interest in the bankruptcy proceeding – the City.

14. Further, no basis exists on this record to lift any such stay. Generally speaking, what is already sure to be a complicated and potentially protracted proceeding in this Court should not be further confounded by a dual-track state court proceeding in which both parts of the municipal Debtor are at odds with one another. Not only could this outcome unnecessarily compound the issues before this Court it could lead to inconsistent rulings, unnecessary preemption considerations and other attendant consequences that are to be avoided with the filing of a Chapter 9 proceeding.

15. Most significantly, as CWA has endeavored to begin to show the Court herein, there are very real and substantive rights at issue in what the Debtor has attempted to present – on an extremely expedited and truncated basis – as an otherwise basic and rudimentary request. The potential adverse impact on CWA (and likely other parties)[7] in allowing the Commonwealth

---

Scheduling an Expedited Hearing on Certain Initial Motions Filed by the Debtor, (B) Limiting Notice of Hearing and (C) Approving Form and Manner of Notice.

[7] Notably, the parties to the Supreme Court Matters are vast and numerous and include, by way of example only, Chester County, Delaware County, the Pennsylvania Department of Environmental Protection, Wells Fargo Bank, NA and the Susquehanna River Basin Commission. Compared to those involved in and entitled to participate on a general basis in the Commonwealth Court Matter, which are limited to the Receiver, the City and the Pennsylvania Department of Community and Economic Development, it is clear that the most appropriate venue to have the important issues of state law argued and decided would be within the Pennsylvania Supreme Court.

Court Matter to proceed towards possible approval of the Plan Modification is real and is not remote.  By way of example only, a decision by the Court in Debtor's favor could trigger, in and of itself, immediate duties CWA retains as to its bondholders regarding occasions of default and continuing disclosure requirements.  *See, e.g.,* November 14, 2022 correspondence from J. Emami of DAC Bond to A. Woebkenberg of CWA, attached hereto as Exhibit A.

16.  If the Receiver intends to seek relief through the Plan Modification that the Receiver could attempt to use against, *inter alia*, CWA, this Court should not countenance his actions by allowing the Commonwealth Court Matter to proceed.  Doing so would permit the Receiver, on behalf of the City, to engage in an end-run around the Pennsylvania Supreme Court, who is poised to address a core dispute between the parties in only a matter of days.

17.  On November 9, 2022, the Receiver's counsel in the Commonwealth Court Matter expressly indicated verbally to CWA's counsel that the Receiver "had no intent to impact the CWA" through the proposed Plan Modification filings in the Commonwealth Court.  If that is the Receiver's / Debtor's position, the Receiver / Debtor should make that position clear on the record in this case.

18.  In the event that the Debtor were to confirm that the Receiver and/or the City does not intend to, and in fact will not take, any action as against and/or related to CWA pursuant to any approval by the Commonwealth Court of the Plan Modification for which he seeks from this Court leave to pursue, CWA's concerns with the requested relief would be allayed and CWA would consider withdrawing its objection.

19.  Absent such clarification, however, CWA respectfully requests this Honorable Court deny the Debtor's Motion without prejudice and enter a briefing schedule that allows any interested party to brief, on an expedited basis, the application of 11 U.S.C. § 362 to the

ClarkHill\L5215\454119\269219739.v2-11/15/22

Commonwealth Court Matter as well as any other matter, including the Supreme Court Matters, that a party believes should or should not be stayed pursuant to 11 U.S.C. § 362 as a result of Debtor's filing of its Voluntary Petition with this Court.

| | |
|---|---|
| Dated:  November 15, 2022 | CLARK HILL, PLC |
| | */s/ William C. Price* |
| | William C. Price (Pa. I.D. No. 90871)<br>301 Grant Street, 14th Floor<br>Pittsburgh, PA 15219<br>Telephone: (412) 394-7776<br>Facsimile:  (412) 394-2555<br>wprice@clarkhill.com |
| | Kevin Dooley Kent (Pa. I.D. No. 85962)<br>2001 Market Street, Suite 2620<br>Philadelphia, PA 19103<br>Telephone: (215) 640-8531<br>Facsimile: (215) 640-8501<br>kkent@clarkhill.com |
| | Megan A. Guernsey (Pa. I.D. No. 202065)<br>2001 Market Street, Suite 2620<br>Philadelphia, PA 19103<br>Telephone: (215) 640-8522<br>Facsimile: (215) 640-8501<br>mguernsey@clarkhill.com |
| | Ronald A. King (MI Bar No. P45088)<br>215 South Washington Square, Suite 200<br>Lansing, MI 48933<br>Telephone: (517) 318-3015<br>Facsimile: (517) 318-3099<br>rking@clarkhill.com<br>(*Pro Hac Vice* motion to be submitted) |

Jennifer K. Green (MI Bar No. P69019)
151 S. Old Woodward, Suite 200
Birmingham, MI 48009
Telephone: (248) 988-2315
Facsimile: (248) 642-2174
jgreen@clarkhill.com
(*Pro Hac Vice* motion to be submitted)

*Counsel for Chester Water Authority*

10