# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : |
| | : |
| CITY OF CHESTER, PENNSYLVANIA | : Chapter 9 |
| | : Case No. 22-13032-amc |
| | : Related to Docket No. 10 |

**COUNTY OF CHESTER'S OBJECTION TO DEBTOR'S MOTION FOR AN ORDER FINDING THAT 11 U.S.C. § 362 DOES NOT OPERATE AS A STAY OF THE RECEIVER'S MODIFICATION OF AMENDED RECOVERY PLAN PENDING BEFORE THE COMMONWEALTH COURT OF PENNSYLVANIA, OR ALTERNATIVELY FOR RELIEF FROM THE AUTOMATIC STAY**

County of Chester submits this limited objection to the Motion for an Order Finding that 11 U.S.C. § 362 Does Not Operate as a Stay of the Receiver's Modification of Amended Recovery Plan Pending Before the Commonwealth Court of Pennsylvania, Or, Alternatively, for Relief of the Automatic Stay (the "Debtor's Motion").

In support thereof, Chester County states as follows:

## I.    BACKGROUND

1. The City has been subject to four receiverships under the Pennsylvania Municipalities Financial Recovery Act of 1987, P.L. 246, No. 47 ("Act 47") in the past twenty-seven years,[1] each of which has proposed various

---

[1] *See e.g.*, Commonwealth of Pennsylvania, Office of the Governor, *Declaration of Fiscal Emergency City of Chester Pennsylvania* (Apr. 13, 2020).

strategies to assist the City with its financial recovery. Of particular concern to the ratepayers of Chester County, the Receiver's current requested plan modification contends that the Receiver and/or the City interpret Pennsylvania law to permit the Receiver to act with the authority of the Chester Water Authority ("CWA") to effectuate the goals of the receivership.[2] The extent to which the City can take certain action regarding the CWA without the consent of Chester and Delaware counties is the very issue pending before the Supreme Court of Pennsylvania.

2. Since 2017, the City of Chester has attempted to monetize the assets of the CWA, an authority that services more than 200,000 ratepayers, the vast majority of whom reside outside the boundaries of the City, including more than 34,000 ratepayers residing in Chester County where critical infrastructure is also located.[3]

3. CWA's governing Board of Directors—consisting of equal representation of the City, Chester County and Delaware County—unanimously rejected efforts to sell the CWA.

---

[2] *See* City of Chester Plan Modification filed by the Receiver on November 8, 2022, in the case *Weaver v. City of Chester,* 336 MD 2020 (Commonwealth Ct.) which cites § 704 of Act 47 to assume power to exercise the power of appointed officials of "an authority" to "exercise power on behalf of the… authority."

[3] The City of Chester is located within Delaware County.

4. Nevertheless, despite the unanimous objection of the CWA's governing body and without the consent of Chester County, the City continues to pursue the privatization of the CWA and its assets as a strategy to address the City's financial problems. This pursuit culminated in the City issuing a Request for Proposal (the "RFP") seeking proposals to purchase the CWA's assets.

5. In June 2019, the CWA filed an action in Court of Common Pleas for Delaware County, Pennsylvania to block the RFP and seek a declaratory judgment about the extent of the City's authority to unilaterally monetize CWA assets. In July 2019, the City filed an action in the trial court against CWA seeking a declaratory judgment about its authority to acquire CWA assets. In April 2020, the trial court issued orders in both actions stating that, the City lacked the authority to monetize CWA assets without consent of Chester and Delaware Counties consistent with the Municipal Authorities Act (the "MAA").

6. Both the City and Aqua appealed the trial court decision to the Commonwealth Court. In September 2021, the Commonwealth Court reversed the trial court's decision and remanded the case for further factual proceedings. Both the CWA and Chester County submitted petitions of appeal to the Supreme Court of Pennsylvania. The Supreme Court certified the central issue for appeal:

> *whether the City of Chester has a right to seize the assets of the Chester Water Authority pursuant to Section 5622(a) of the Municipality Authorities Act, 53 Pa.C.S. § 5622(a), and sell those assets to address its own unrelated financial distress, while overriding*

3

*the representational rights granted by Act 73 of 2012, 53 Pa.C.S. §§ 5610(a.1), 5612(a.1), to Delaware and Chester Counties.*

7. As a result, after years of litigation, and after extensive briefing to the Supreme Court by the City, the CWA, Chester County, Delaware County, Aqua, and several elected officials, the Supreme Court is finally poised to decide this core issue. Briefing was completed, and the Supreme Court scheduled oral argument for **November 30, 2022**, a mere two weeks from when the Debtor filed protection under Chapter 9 of the Bankruptcy Code and the Receiver sought to modify the recovery plan. The Supreme Court's opinion will presumably provide its interpretation of a provision of the MAA which could likely limit the claims at issue in the pending state court actions.

8. According to the Receiver, it has been authorized since February 2022 to initiate bankruptcy proceedings. Moreover, the Receiver in his efforts to modify his own plan, knew the factual predicates on which he relies for several weeks prior to filing his request to modify his plan.

9. In seeking to modify his Plan, the Receiver argues that disputes between the Receiver and the City as well as the City's ignoring or refusing to coordinate, advise or follow the directions of the Receiver requires the extraordinary need for the Receiver to modify his previously approved plan. For instance, the Receiver highlights the City's actions in becoming a victim of a phishing scam and how the City mishandled mitigating its losses. The Receiver

4

also criticizes the City's handling of payments to an incarcerated former employee. The Receiver's request to modify his plan is nothing short of a censure of the City's actions related to the Receiver's efforts to assist the City in its financial recovery.

10. After laying out the alleged improper conduct of the City, the Receiver requests, as a quasi-sanction, enhanced powers. In doing so, the Receiver's motion to modify his plan seeks relief in the form of expanding his decision-making powers as to the City and "authorities." These requested enhanced powers sought by the Receiver includes the ability to direct internal financial controls, appropriate funds at his discretion, eliminate budget items, select an auditor, access to government funding, set procurement policies, contract with vendors, and conduct investigations.

11. Most concerning, the Receiver seeks the sole authority to monetize "any authority as defined in Section 701 of Act 47."

## II. CHESTER COUNTY'S OBJECTION

12. Permitting the Receiver to move forward with the Receiver's plan modification against the City, while staying all other matters including the determination on the core issue before the Supreme Court, could be used an end-around to the issues that the Pennsylvania Supreme Court certified worthy of consideration via an interlocutory appeal.

13. From having delayed acting on his authorization for over nine months to file for bankruptcy protection, to then filing a request to modify his plan including enhanced power as to the "City and authorities," to hours later filing for bankruptcy protection and seeking a stay of the thirty pending actions to the exclusion of his modification motion, provides sufficient concern for Chester County that any permission to proceed with the modification proceedings could harm Chester County's interests and interfere with the bankruptcy proceedings.

14. To the extent that the Receiver's repeated use of the phrase "City or Authority" in the modification motion conveys the Receiver's belief that he can exercise the powers stated in the modification motion as to the CWA, the Receiver lacks legal justification. Moreover, if the usage by the Receiver of such wording suggests his intention in the modification proceedings to assume rights, authority and decision-making as to the CWA, such action would severely prejudice Chester County, a non-party to the Receivership action.

15. If the Receiver's inclusion in his modification proceeding does not seek authority over the CWA—other than to continue the litigation related to any ability of the City to unilaterally monetize the CWA and use its assets for the City's sole benefit—a simple clarification on this record and to the Commonwealth Court as to the scope of what the Receiver seeks through his modification petition may likely resolve the objections.

16. If the Receiver refuses to provide such clarification, the City's efforts to lift the stay is legally improper. The City's contention that the matter of *Weaver v. City of Chester* is exempt from the automatic stay is incorrect. The Receiver's modification request is nothing short than an indictment of the City's actions and its lack of cooperation with the Receiver and compliance with the previously approved recovery plan. The modification request cannot be viewed as anything but adverse to the City—a position the City itself asserted to the Court. *See* the City's Objection.

17. Additionally, the automatic stay applies to an entire claim (*e.g.* original claim, counter-claim or cross-claim), not just a motion filed within one such claim that does not change whether the City is in an offensive or defensive posture. The Receiver's request to modify the plan does not change whether the City is the Respondent in the underlying matter, and the automatic stay applies. *See Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991) (holding that the automatic stay applies to all courts, none of which shall proceed until discharge of the bankruptcy proceedings).

18. The equities do not support permitting the Court granting the City's request to cherry-pick a single matter (out of more than thirty matters filed by the

parties related this this dispute)[4] and lift the stay for this one matter only. Again, to the extent the lack of clarity of the modification motion were to be later used by the Receiver to interfere with the business affairs of the CWA, providing the Receiver the power to monitor, participate in or dictate the business affairs of the CWA would interfere with the rights provided to the CWA Board and Chester County pursuant to the MAA—a matter of such state law importance that the Pennsylvania Supreme Court was set to decide a core issue.

### III. CONCLUSION

19. During the hearing on November 15, 2022, the City represented that it anticipated that a stipulation could be achieved because the City and Receiver did not intend to put the CWA into the receivership. Chester County is willing to withdraw its objections upon clarification of the Receiver's intent in including the term "authorities" in his request for relief in the pending modification motion before the Commonwealth Court. Absent such a stipulation, Chester County respectfully requests this Court deny the Debtor's Motion.

November 21, 2022                             Respectfully submitted,

                                              ECKERT SEAMANS CHERIN & MELLOTT, LLC

                                              /s/ Frank R. Emmerich Jr.

---

[4] *See* the list of actions filed by the parties related to the core dispute. CWA's Objection at n.3 (Doc. No. 36).

Frank R. Emmerich Jr, Esquire
(ID No. 76109)
50 S 16th St., 22nd Floor
Philadelphia, PA 19102
Telephone: 215-851-8409
Facsimile: 215-851-8383
femmerich@eckertseamans.com

*Attorney for County of Chester*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 21st day of November 2022, I effected service of the foregoing Objection upon counsel for all parties and registered interest parties via the Court's electronic filing system.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

/s/ Frank R. Emmerich Jr.
Frank R. Emmerich Jr, Esquire
(ID No. 76109)
50 S 16th St., 22nd Floor
Philadelphia, PA 19102
Telephone: 215-851-8409
Facsimile: 215-851-8383
femmerich@eckertseamans.com

*Attorney for County of Chester*