IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : <br> CITY OF CHESTER, PENNSYLVANIA, : <br> Debtor. : | Chapter 9 <br> Case No. 22-13032-amc |

**COUNTY OF CHESTER, PENNSYLVANIA'S RESPONSE TO DEBTOR'S MOTION FOR AN ORDER (I) APPOINTING A JUDICIAL MEDIATOR, (II) REFERRING CERTAIN MATERS TO MANDATORY MEDIATION, AND (III) GRANTING RELATED RELIEF**

County of Chester, Pennsylvania, submits this limited response to the Debtor's Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief (the "Debtor's Motion") in order to address a concerning omission in the expedited filings.

Chester County, although not a party to the Receivership, is a party-in-interest in this proceeding and several of the state court proceedings identified by the Debtor in its filings. Chester County embraces referral of this matter to mediation subject to certain conditions and without waiving its right to challenge this Court's jurisdiction to decide certain state law issues.

First, Chester County is willing to discuss mediation in the ways that mediation can assist the Debtor with its financial situation, but with the expectation that all participants will enter the mediation also acknowledging Chester County's interests in protecting its constituents as to water rates, quality of service and resources the Chester Water Authority currently provides; recognizing the substantial infrastructure residing within Chester County's jurisdiction; and appreciating Chester County's current and future legal arguments premised on the Municipality Authorities Act.

108265246.1

Included with Debtor's Motion Requesting Mediation, Debtor provided a list of proposed Mediation Parties. *See* Motion at ¶ 16. For reasons unknown, Chester County was omitted from the list of parties requested to participate in the mediation. *Id.* at ¶¶ 16(a)-(h). Chester County assumes that Debtor's failure to include Chester County as an essential participant in mediation was a mere oversight and not suggestive of the Debtor's intent to minimize Chester County's interests. Pursuant to Local Bankruptcy Rule 9019-3(I), the Court may direct that additional parties participate in the mediation. It is respectfully requested that any order to mediate includes the active participation of Chester County given Chester County's significant interest in the issues to be mediated.

Next, Debtor's Motion acknowledges Chester County's interest in two issues the Debtor considers central to the mediation: 1) the resolution of pending and future litigation and 2) the "monetization" of the CWA. *See id.* at ¶¶ 18(a)-(i). As identified by the Debtor in its initial filings, Chester County is a party in several lawsuits concerning the City's efforts to assert control over the CWA. The Motion includes a description of how the resolution of issues that are related to the current and potential future litigation—specifically litigation related to efforts to monetize of the CWA assets—could assist the Debtor with its financial situation. *Id.* at ¶¶ 21-22. The Debtor acknowledges that the outcome of the pending appeal to the Pennsylvania Supreme Court is vital to its potential ability to engage in sale of CWA assets. *Id.* at ¶ 21. The Debtor also acknowledges the significant risk of future litigation in the Delaware County Court of Common Pleas. *Id.* at ¶ 22. If the intent of the mediation is to resolve current and future litigation, Chester County's participation in the mediation is essential. Without agreement by Chester County, the current litigation cannot be terminated, nor can future litigation be avoided. To that end, Chester County should also be permitted to participate in the requested mediation as

an interested party in the potential resolution of both pending and future litigation relating to the CWA.

Additionally, the primary issue to be mediated—according to the Debtor—is the "Monetization of the Water Assets (as defined in the Kapoor Declaration)." *Id.* at ¶ 18(a); *see also id.* at ¶¶ 20-22 (expressly requesting that the mediator be empowered to negotiate the "monetization of the Water Assets."). As argued in the current state litigation, Chester County contends that the Municipality Authorities Act does not provide the Debtor any rights to unilaterally monetize the CWA.[1] The Pennsylvania Supreme Court considered the issue to be of such importance that it granted consideration to decide that issue of state law. The issue, as defined by the Pennsylvania Supreme Court, specifically articulates that court's intention to decide a uniquely state law issue of whether the CWA can be "monetized":

> *whether the City of Chester has a right to seize the assets of the Chester Water Authority pursuant to Section 5622(a) of the Municipality Authorities Act, 53 Pa.C.S. § 5622(a), and sell those assets to address its own unrelated financial distress, while overriding the representational rights granted by Act 73 of 2012, 53 Pa.C.S. §§ 5610(a.1), 5612(a.1), to Delaware and Chester Counties.*

That is the precise issue the Debtor has requested be mediated. *See* Motion, at ¶ 18(a). It seems contrary to the goals of the requested mediation to exclude Chester County's participation given their clear and significant interest in the resolution of this precise issue.[2]

---

[1] Any mediation must start with the recognition that the CWA as a water authority is "not the creature[], agent[] or representative[] of the municipalit[y] which organize [it], but rather [is an] independent agenc[y] of the Commonwealth, and part of its sovereignty." *Com. v. Erie Metro. Transit Auth.*, 281 A.2d 882, 884 (Pa. 1971) (internal quotation marks omitted). Simply put, the Debtor does not own the CWA as it contends.

[2] While acknowledging a potential benefit of mediation if focused on the proper issues and includes the necessary participants, Chester County does not intend to waive its rights to challenge within the bankruptcy proceedings, the jurisdiction of this Court to determine issues, such as, whether the CWA's assets can be "monetized," and if so by whose authority as well as how any funds derived from monetizing the CWA could be used or distributed. Chester County

3

Chester County respectfully requests that this Court order that Chester County be provided the opportunity to participate in the requested mediation. With the foregoing arguments preserved, Chester County does not object to a referral of this matter to mediation.

| | |
|---|---|
| November 30, 2022 | Respectfully submitted,<br><br>ECKERT SEAMANS CHERIN & MELLOTT, LLC<br><br>*/s/ Frank R. Emmerich Jr.*<br>Frank R. Emmerich Jr, Esquire<br>(ID No. 76109)<br>50 S 16th St., 22nd Floor<br>Philadelphia, PA 19102<br>Telephone: 215-851-8409<br>Facsimile: 215-851-8383<br>femmerich@eckertseamans.com<br><br>*Attorney for County of Chester* |

---

contends that is an issue of state law to be decided in part by the pending Pennsylvania Supreme Court proceedings.

## CERTIFICATE OF SERVICE

      I hereby certify that, on this 30th day of November 2022, I effected service of the foregoing Objection upon counsel for all parties and registered interest parties via the Court's electronic filing system.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

*/s/ Frank R. Emmerich Jr.*
Frank R. Emmerich Jr, Esquire
(ID No. 76109)
50 S 16th St., 22nd Floor
Philadelphia, PA 19102
Telephone: 215-851-8409
Facsimile: 215-851-8383
femmerich@eckertseamans.com

*Attorney for County of Chester*