IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF CHESTER, PENNSYLVANIA, | Case No. 22-13032 |
| Debtor. | Related to Docket No. 16 |
| | Judge Ashely M. Chan |

## LIMITED OBJECTION TO CITY OF CHESTER MOTION CONCERNING MEDIATION

U.S. Bank Trust Company, National Association, as indenture trustee for the Series 2017 Bonds described more fully below (the "Trustee"), and PHCC LLC d/b/a Preston Hollow Community Capital ("Preston Hollow" and together with the Trustee, the "Bond Parties"), file this limited objection to the *Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief* [Dkt. No. 16] in these proceedings (the "Mediation Motion").[1] The Bond Parties support the use of mediation in these Chapter 9 proceedings but submit that the proposed mediation terms should be modified as reflected below.

### BACKGROUND

1. The Trustee serves as successor indenture trustee for those certain City of Chester Guaranteed Revenue Bonds Series A of 2017, Series B of 2017 (the "Series 2017 Bonds"). The Series 2017 Bonds are secured funded indebtedness of the City. As the Court is likely aware, the City commenced an adversary proceeding regarding the Series 2017 Bonds as part of its Chapter

---

[1] Unless otherwise defined herein, all capitalized terms have the meaning given such terms in the Mediation Motion.

1

9 filing. That adversary proceeding incorrectly asserts, among other matters, that the Series 2017 Bonds are unsecured. That adversary proceeding remains pending.

2. The Mediation Motion proposes a series of mediation procedures to assist the City in resolving a myriad of asserted issues. The Mediation Motion reflects that the procedures could involve numerous unrelated stakeholders and span a broad spectrum of unrelated interests. Those include, among others, the Series 2017 Bonds, asset dispositions by the City, labor issues, pension issues and other matters. The City seeks the appointment of a single mediator to pursue a "global resolution".

## LIMITED OBJECTION

3. Mediation procedures in these proceedings should reflect the following given the unrelated and varied interests of the potential participants and established patterns in Chapter 9 proceedings:

(i) a separate mediator should be appointed to address matters affecting the Series 2017 Bonds and other funded debt of the City;

(ii) each Mediation Issue should be addressed in distinct Mediation Sessions, and

(iii) each Mediation Party should have the right to participate in discussions with the Mediator and City with respect to the scheduling, the identity of participants, and other administrative aspects of the Mediation Session applicable to such party.

**A.** *Separate Mediator For Funded Debt.*

4. The City seeks the appointment of a single Mediator to lead a "global mediation" between the City and the Mediation Parties for the City's "numerous and complex issues". Mediation Motion, ¶¶ 7, 18. It is customary however for courts to appoint more than one mediator in Chapter 9 proceedings. *See, e.g.*, *In re City of Detroit, Michigan*, Bankr. E.D. Mich., Case No. 13-53846, *Detroit Chapter 9 Mediation Team Announced* [Dkt. No. 542]; *In re The Financial*

2

*Oversight and Management Board for Puerto Rico*, D. P.R., *Order Appointing Mediation Team* [Dkt. No. 430].

5.   In these proceedings, a separate mediator should be appointed to address matters affecting the Series 2017 Bonds and other funded indebtedness. The circumstances affecting the Bond Parties as secured creditors with other rights in City assets are unique. Also, having a separate mediator is more consistent with actual practice in recent Chapter 9 cases. Further, the City has a distinct legal team addressing the City's funded indebtedness that is separate from the team addressing other aspects of these proceedings. The number of Mediation Issues identified in the Mediation Motion and the variety of the substantive issues related to such issues, as well as the practical realities of requiring a large number of parties to participate in the Mediation Sessions, further support this approach.

6.   The Bond Parties submit that at a minimum, the court should consider a mediator panel approach that offers parties the option of more than one judicial mediator. A "teams of mediators" approach has been used in every (or almost every) recent municipal bankrupt. *See*, *e.g.*, *In re City of Detroit, Michigan*, Bankr. E.D. Mich., Case No. 13-53846, *Detroit Chapter 9 Mediation Team Announced* [Dkt. No. 542]; *In re The Financial Oversight and Management Board for Puerto Rico*, D. P.R., *Order Appointing Mediation Team* [Dkt. No. 430]. In conjunction with the appointment of a "team" of mediators, Mediation Parties should have latitude to select a mediator to mediate their Mediation Session. The ability to select, or consent to the selection of, a mediator may increase confidence in the mediation process to the benefit of all parties.

**B.   *Separate Sessions.***

7.   The Mediation Procedures should clarify that each Mediation Issue will be subject to a separate Mediation Session. The Proposed Mediation Procedures provide that the Mediator

3

is entitled to determine, among other things, the "issues to be addressed in each mediation session." *See* Mediation Motion, ¶ 17(c). The Mediator could under these terms select multiple Mediation Issues, or certain elements of the Mediation Issues, to be addressed at a single Mediation Session. The Bond Parties believe it is imperative that each of the Mediation Issues be addressed at distinct Mediation Sessions to avoid unnecessary confusion and to promote candid discussion.

C.      ***The Role of each Mediation Party.***

8.      Finally, the Proposed Mediation Procedures should recognize the Mediation Parties' rights to participate in planning matters relating to the Mediation Sessions. The Proposed Mediation Procedures, as drafted, suggest the Mediator has sole discretion in determining the time, place, participants, and issues to be addressed in each mediation. Mediation procedures in other Chapter 9 cases have recognized the need for consultation with all stakeholders generally. *In re The Financial Oversight and Management Board for Puerto Rico*, D. P.R., *Order Appointing Mediation Team* [Dkt. No. 430].

**RESERVATION OF RIGHTS**

9.      The Bond Parties reserve all rights to supplement or amend this limited opposition.

WHEREFORE, the Bond Parties request that the Court enter an Order sustaining this limited objection, conditioning relief on the Mediation Motion on terms that are consistent with the above, and granting any further relief that the Court may deem just and proper.

Dated: November 30, 2022

        HOGAN LOVELLS US LLP

        /s/ Kevin J. Carey
        Kevin J. Carey
        1735 Market Street
        Floor 23
        Philadelphia, Pennsylvania 19103
        Telephone: 267-675-4600
        Facsimile: 267-675-4601
        Email: kevin.carey@hoganlovells.com

        - and -
        MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
        AND POPEO, P.C.
        William W. Kannel (admitted *pro hac vice*)
        Ian A. Hammel (admitted *pro hac vice*)
        Timothy J. McKeon (admitted *pro hac vice*)
        One Financial Center
        Boston, Massachusetts 02111
        Telephone: (617) 542-6000
        Facsimile: (617) 542-2241
        Email: WKannel@mintz.com
                   IAHammel@mintz.com
                   TJMckeon@mintz.com

        *Counsel to U.S. Bank Trust Company, National Association, as indenture trustee and PHCC LLC, d/b/a Preston Hollow Community Capital*