**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 9 |
| | : | |
| CITY OF CHESTER, PENNSYLVANIA, | : | Case No. 22-13032 |
| | : | |
| Debtor. | : | Judge Ashely M. Chan |
| | : | |

**ORDER (I) APPOINTING A JUDICIAL MEDIATOR, (II) REFERRING CERTAIN
MATTERS TO MANDATORY MEDIATION, AND (III) GRANTING RELATED
RELIEF**

This matter having come before the Court on the *Motion for an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief* [Docket No. 16] (the "Motion")[1] filed by the City of Chester, Pennsylvania (the "City"); the Court having reviewed the Motion, the Doweary Declaration and the Kapoor Declaration; the Court having considered the statements of counsel with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances; and (d) the Court having determined that the legal and factual bases set forth in the Motion, the Doweary Declaration, the Kapoor Declaration and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested in the Motion having been overruled;

IT IS HEREBY ORDERED that:

1.      Pursuant to Section 105(a) of the Bankruptcy Code and Local Bankruptcy Rule

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

9019-2, the Motion is GRANTED.

2.      The Honorable Mary F. Walrath is appointed as the Mediator to mediate all Mediation Issues (as defined herein) and all such Mediation Issues are hereby referred to mandatory mediation (the "Mediation").

3.      The Mediator shall have the sole discretion and authority to conduct the Mediation, select the mediation parties (the "Mediation Parties"), define the mediation issues (the "Mediation Issues"), and establish the process and procedures for the Mediation, as she sees fit.

4.      The Mediation will be subject to the confidentiality provisions set forth in Local Rule 9019-2(k)(1)-(6) and subject to Fed. R. Evid. 408.  No communications or documents exchanged during the Mediation shall operate as an admission on any issue.

5.      Nothing herein or in the Motion is intended to, shall constitute or shall be deemed to constitute the City's consent pursuant to Section 904 of the Bankruptcy Code to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City, or (c) the City's use or enjoyment of income-producing property.

6.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:    December 16          , 2022

_____
Ashely M. Chan
United States Bankruptcy Judge