IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 9 |
| | : | |
| CITY OF CHESTER, PENNSYLVANIA | : | Case No.: 22-13032-AMC |
| | : | |
| Debtor. | : | |
| | : | |

**THE ELECTED OFFICIALS' OBJECTION TO THE
MOTION BY CHESTER WATER AUTHORITY PURSUANT TO
RULE 2004 FOR DISCLOSURE OF COMPENSATION OF LEGAL
PROFESSIONALS REPRESENTING DEBTOR'S ELECTED OFFICIALS**

Thaddeus Kirkland, as Mayor of the City of Chester, and the members of city council of the City of Chester, as a body (the "Elected Officials") respectfully object to the motion[1] for Rule 2004 discovery filed by the Chester Water Authority.

**I.      INTRODUCTION**

The Chester Water Authority seeks an order pursuant to Fed. R. Bank. P. 2004 directing the Debtor, the Elected Officials, and their counsel to disclose how counsel for the Elected Officials is being compensated, by whom, and on what basis, in this bankruptcy proceeding and the Commonwealth Court Act 47 proceeding.[2]

The Chester Water Authority hypothesizes counsel is being compensated by Aqua Pennsylvania, Inc. ("Aqua") based upon counsel's advocacy of a sale of the water system assets to Aqua[3] which is the highest bidder for the assets. However, contrary to this hypothesis, counsel for the Elected Officials, and the City in the Act 47 proceeding, was retained, on an hourly basis,

---

[1]      ECF No. 216
[2]      ECF No. 216, section III
[3]      ECF No. 216, paragraph 5

directly by the City. There is no agreement or any other arrangement for the payment of counsel fees by Aqua or any other party.[4]

## II. BACKGROUND

In 1939, the City organized the Chester Water Authority (the "CWA") under the Municipality Authorities Act. Litigation (the "Litigation") is ongoing regarding to the City's interest in the water system (the "System") currently run by the CWA.

The City issued a request for proposals on June 12, 2019 to sell the System but, due to the Litigation, and out of an abundance of caution, all six proposals received were returned to the offerors without having been opened, other than to identify the person to whom they should be returned.[5]

On February 3, 2020, the Delaware County Court of Common Pleas entered an order which permitted the City's issuance of a request for proposals and allowed the City to undertake a bid process to sell the assets of the System provided that, after such process, the consummation of any agreement to sell the System or other transaction, if any, is conditioned upon a resolution of the Litigation which affirms the City's right to take back the System assets and sell them.[6]

Prior to the appointment of the receiver, the City issued a second request for proposals on February 12, 2020, to solicit bids from interested companies and entities to purchase the System. The City received three (3) responses.[7] The highest bid was from Aqua for $410 million. The second highest bid was Pennsylvania American Water Company. The lowest bid, which was

---

[4] ECF No. 233, pages 4-5 (Aqua's response to the motion stating "Aqua has not funded, is not funding and will not fund counsel for the Elected Officials or counsel for any other party in this bankruptcy proceeding")
[5] Exhibit A
[6] Exhibit A
[7] Exhibit A

hundreds of millions of dollars lower than the other bids, was from the CWA for approximately $60 million.

Prior to the retention of the undersigned counsel, the Elected Officials determined, in consultation with the City's financial advisor, that the Aqua bid is in the best interest of the City and offers the greatest value to the City.[8] In the City's Amended Recovery Plan, the receiver: 1) directed the City to continue the Litigation to establish its right to take back the System assets and sell the assets; and 2) authorized the City to continue with the request for proposal process.[9]

On September 16, 2021, the *en banc* Commonwealth Court issued an order and opinion confirming the City has the unilateral right to require the conveyance of the System assets to the City from the CWA. See, *City of Chester v. Chester Water Auth.*, 263 A.3d 689 (Pa. Commw. Ct. 2021). The Commonwealth Court's order was subsequently appealed by the CWA to the Pennsylvania Supreme Court. Argument on the appeal was stayed by the City's bankruptcy filing pursuant to 11 U.S.C. § 362.

On October 13, 2021, prior to the retention of the undersigned counsel, the City's city council passed Resolution No. 166-2021 which (1) recited the intent of the City council to promptly enter into an asset purchase agreement with Aqua upon receipt of the receiver's approval to do so; and (2) requested the receiver to expeditiously provide his approval for City council to do so.[10]

As counsel for the debtor stated during the first day hearing, the City's water assets are a key to the City's financial recovery.[11]

---

[8] Exhibit A
[9] Exhibit A
[10] Exhibit A
[11] Counsel for the debtor likened the water assets to the art which was monetized to facilitate the Detroit financial recovery.

3

The undersigned counsel was initially retained in the spring of 2022 to represent the City and Elected Officials in connection with a *mandamus* action commenced by the receiver in the Commonwealth Court Act 47 proceeding. Following the bankruptcy filing, the undersigned counsel was retained by the City to represent: a) the City and the Elected Officials in connection with the receiver's request to modify the City's Act 47 recovery plan;[12] and b) the Elected Officials in this bankruptcy case.[13]

There is no arrangement, either formally or informally, for Aqua or any third party to pay the counsel fees.

## III.   **STANDARD**

A bankruptcy court must strike a balance between the parties' competing interests and is accorded broad discretion to consider the totality of the circumstances in determining the permissible scope of a Rule 2004 examination. *In re Philadelphia Orchestra Assn.*, No. 11-13098 ELF (Bankr. E.D. Pa. July 25, 2011) citing *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 393 (Bankr. W.D. Pa. 2008), appeal dismissed, 2008 WL 2388285 (W.D. Pa. Jun 11, 2008) (court should employ a "sliding scale" comparing a creditor's need for the requested information with the level of potential intrusiveness involved). The relevancy of the requested documents do not alone demonstrate good cause for production. *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991).

---

[12]   See, City council resolution no. 221-2022
[13]   See, City council resolution no. 222-2022

4

## IV. ANALYSIS

CWA filed the motion because it is concerned Aqua is paying counsel fees for the City and the Elected Officials. This concern is allayed by the representations to this Court by Aqua and the Elected Officials stating unequivocally Aqua is not paying the fees. The retention agreements are between the City and counsel and no other parties are paying counsel fees.

CWA is not a creditor in this case. Its sole involvement is as a target of the City's litigation seeking to compel CWA to convey the water assets to the City. It is the low bidder, by hundreds of millions of dollars, seeking to hold onto assets which the Commonwealth Court has already ruled should be conveyed to the City. *City of Chester v. Chester Water Auth.*, 263 A.3d 689 (Pa. Commw. Ct. 2021). The discovery sought by CWA is not relevant to any issue before this Court and the City, Elected Officials and counsel should not be burdened by the discovery which serves no legitimate purpose.

Respectfully submitted,

Date: February 22, 2023        **BUCHANAN INGERSOLL & ROONEY PC**

*/s/ Mark Pfeiffer*
Mark Pfeiffer, Esq. (Pa. Id. No. 76245)
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Phone: (215) 665-8700
Facsimile: (215) 665-8760
E-mail: mark.pfeiffer@bipc.com
*Counsel for the Elected Officials*