IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 9 |
| | : | |
| CITY OF CHESTER, PENNSYLVANIA, | : | Case No. 22-13032 |
| | : | |
| Debtor. | : | Judge Ashely M. Chan |
| | : | |

# CITY OF CHESTER'S RESPONSE TO THE MOTION BY CHESTER WATER AUTHORITY PURSUANT TO RULE 2004 FOR DISCLOSURE OF COMPENSATION OF LEGAL PROFESSIONALS REPRESENTING DEBTOR'S ELECTED OFFICIALS

The City of Chester (the "Debtor" or the "City"), as the debtor in the above-captioned chapter 9 case, hereby submits this Response (the "Response") to the *Motion by Chester Water Authority Pursuant to Rule 2004 for Disclosure of Compensation of Legal Professionals Representing Debtor's Elected Officials* [Docket No. 216] (the "2004 Motion").[1]  In support of this Response, the City respectfully states as follows:

**RESPONSE**

1. On February 8, 2023, the Chester Water Authority (the "CWA") filed the 2004 Motion, seeking, *inter alia*, disclosure by the Debtor of the "nature and extent of compensation paid or owed to the Elected Officials' counsel as well as whether another entity, such as Aqua/Essential, is actually paying, or has offered to make payment at a future time, for representation." 2004 Motion, at ¶ 11.

2. Should this Court approve the 2004 Motion, the Debtor will produce to the CWA the limited non-privileged documents it has identified related to the Elected Officials' efforts to

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the 2004 Motion.

engage professionals to represent them in the bankruptcy case.. Michael Doweary, the receiver for the City (the "Receiver"), has not authorized the Elected Officials to retain counsel to represent them in the bankruptcy case, and to the Receiver's knowledge, the City has not paid any amounts to any professionals engaged by the Elected Officials to represent them in the bankruptcy. However, the Elected Officials, not the City or the Receiver, are in the best position to provide information regarding the amount, source, and status of compensation owed or paid to the Elected Officials' counsel for services provided in the bankruptcy case.

3. Further, to the extent that any of the Elected Officials are deposed or produce documents, counsel to the City should be permitted to participate in such depositions and receive those documents produced by the Elected Officials.

4. Finally, to the extent the 2004 Motion suggests that the 2004 Motion may be referred to the mediation in connection with the *Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief* [Docket No. 139] (the "Mediation Order"), the City objects to such relief. The purpose of the Mediation Order and the mediation process in this bankruptcy case is to allow the City to work towards a confirmable plan of adjustment, and not to impose upon the judicial mediator's time and resources, and the City's limited resources, with ordinary motion practice about a discovery dispute between two non-debtor parties that is wholly unrelated to the City's efforts to confirm a plan of adjustment.

February 22, 2023                                              Respectfully submitted,

*/s/ Tobey M. Daluz*
Tobey M. Daluz (PA Bar No. 60685)
Margaret A. Vesper (PA Bar No. 329793)
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 864-8148

Email:  daluzt@ballardspahr.com
vesperm@ballardspahr.com

and

Matthew G. Summers*
Laurel D. Roglen*
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4465
Email:  summersm@ballardspahr.com
roglenl@ballardspahr.com

(*Admitted *pro hac vice*)

*Attorneys for the City of Chester*

3