```
                    UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF PENNSYLVANIA

                                    .  Chapter 9
    IN RE:                          .
                                    .  Case No. 22-13032-amc
    CITY OF CHESTER,                .
    PENNSYLVANIA,                   .
                                    .
                                    .  900 Market Street
                                    .  Philadelphia, Pennsylvania
                         Debtor.    .
    . . . . . . . . . . . . . . . . .  Tuesday, June 27, 2023


                    TRANSCRIPT OF VIDEO HEARING RE:
           MOTION OF CHESTER WATER AUTHORITY FOR DISCLOSURE OF
         COMPENSATION OF LEGAL PROFESSIONAL REPRESENTATION OF THE
                      DEBTOR'S ELECTED OFFICIALS
                  BEFORE THE HONORABLE ASHELY M. CHAN
                     UNITED STATES BANKRUPTCY JUDGE


    APPEARANCES VIA ZOOM:

    For the Debtor:           Matthew G. Summers, Esq.
                              Toby M. Daluz, Esq.
                              BALLARD SPAHR, LLP
                              919 North Market Street
                              11th Floor
                              Wilmington, Delaware 19801


    For the Chester Water
    Authority:                Kevin Dooley Kent, Esq.
                              Megan A. Guernsey, Esq.
                              CLARK HILL, PLC
                              Two Commerce Square
                              2001 Market St, Suite 2620
                              Philadelphia, Pennsylvania 19103




    (Appearances Continued)

    Audio Operator:           Electronically Recorded
                              by Court Personnel

    Transcription Company:    RedDoor Legal Services, LLC
                              44 Valley Forge Road
                              Bordentown, N.J. 08505
                              (973)985-3668
                              www.reddoorlegalservices.com

    Proceedings recorded by electronic sound recording,
    transcript produced by transcription service.
```

```
APPEARANCES VIA ZOOM:   (Continued)


For Chester Water
Authority:                    Ronald A. King, Esq.
                              CLARK HILL, PLC
                              215 South Washington Square
                              Suite 200
                              Lansing, Michigan 48933

                              William C. Price, Esq.
                              CLARK HILL, PLC
                              One Oxford Centre
                              301 Grant St, 14th Floor
                              Pittsburgh, Pennsylvania 15219

For the Elected
Officials:                    Mark Pfeiffer, Esq.
                              BUCHANAN, INGERSOLL & ROONEY, PC
                              Two Liberty Place
                              50 South 16th Street, Suite 3200
                              Philadelphia, Pennsylvania 19102

For Aqua Pennsylvania,
Inc.:                         Guy A. Donatelli, Esq.
                              LAMB MCERLANE, PC
                              One South Broad Street, Suite 1500
                              Philadelphia, Pennsylvania 19107
```

# INDEX

|  | Page |
|---|---|
| ARGUMENT BY MR. KENT | 6 |
| COURT DECISION | 7 |

1            (Proceedings commence)

2            THE COURT: It's June the 27th. The first and only

3    matter is Chester -- City of Chester. It's the motion of

4    Chester Water Authority for disclosure of compensation of

5    legal professional representation of the debtor's elected

6    officials.

7            Could participating attorneys make their

8    appearance, please.

9    Good afternoon --

10           MR. SUMMERS: Good afternoon, Your Honor. Good

11   afternoon, Your Honor. Matthew Summers, Ballard Spahr, on

12   behalf of the City of Chester. Appearing with me today is

13   Toby Daluz.

14           THE COURT: Welcome.

15           MR. KENT: Good afternoon, Your Honor. Kevin Kent

16   from Clark Hill, representing the Chester Water Authority. I

17   also have my colleagues Megan Guernsey, Ron King, and Bill

18   Price here with me.

19           MR. PFEIFFER: Good afternoon, Your Honor. Mark

20   Pfeiffer from Buchanan, Ingersoll & Rooney representing the

21   elected officials.

22           MR. DONATELLI: May it please the Court, Your

23   Honor, Guy Donatelli on behalf of Aqua Pennsylvania, Inc.

24           THE COURT: Okay. Okay. So, Mr. Pfeiffer, a

25   couple of questions before you.

1            The last time we were all together or at least the
2    last time I was looking at everything, I believe that your
3    firm received a total of two payments in connection with this
4    bankruptcy matter.  Is that true or have any other payments
5    been made since the time that you filed that affidavit?
6            MR. PFEIFFER:  Your Honor, to clarify, I think the
7    two payments were made in connection with the Act 47 matter,
8    the state --
9            THE COURT:  Oh --
10           MR. PFEIFFER:  -- Commonwealth Court matter.
11           THE COURT:  Okay.
12           MR. PFEIFFER:  The retention in this bankruptcy
13   case will likely go through the professionals procedure that
14   the Court established a couple of weeks ago.
15           THE COURT:  Okay.
16           MR. PFEIFFER:  We have not received any other
17   payments since that date.
18           And to clarify, to the extent that my -- the
19   affidavit was ambiguous, those payments came from the City
20   itself, not from any other party.  There is no agreement by
21   any party, either side agreement, express, over, or implied,
22   of payment from anybody other than the City.
23           THE COURT:  Okay.  And so, when you say "the City,"
24   you mean, basically, the Council and the Mayor approved that
25   payment.  Is that correct?

1        MR. PFEIFFER:  The retention is with the City

2    itself on behalf of the Mayor and Council.  So the payment

3    would be coming from the City itself.

4        THE COURT:  Okay.  All right.  All right.  I'm --

5    thank you for that clarification.

6        I mean, I just wanted to note that the debtor is

7    required, as a condition of confirmation under Section 943 to

8    disclose all amounts to be paid by the debtor or any person

9    for services or expenses in the case or incident to the plan.

10    So whoever pays your legal bills in connection with the

11    City's representation in this case is something that I think

12    would be something that would have to be disclosed.

13        So, having said that, I guess I just wanted to hear

14    from the movant if they had any other questions because, at

15    this point, I'm pretty reluctant to get any more involved,

16    other than having just to ask that question to Mr. Pfeiffer.

17    You know, I do want to observe the sovereignty of the City,

18    and I think that that basically takes me up to my

19    jurisdiction.  But I wanted to hear from the movant if they

20    had any other thoughts at this point.

21        MR. KENT:  Thank you, Your Honor.  Kevin Kent again

22    for the Chester Water Authority.

23        I certainly understand Your Honor's concerns about

24    sovereignty and we're not looking to ask this Court to

25    exercise, really, any form of control over anything that the

1    elected officials are doing.

2            This is a 2004 motion simply seeking information.

3    And if you recall early on in this case, there were questions

4    raised and I think representations made about fee agreements

5    being made available, budgets being made available for the

6    elected officials' counsel. We haven't seen those. We don't

7    know what the impact could be on the debtor down the line.

8    And that's important for purposes of a plan of confirmation.

9            There have been affidavits filed in this case, but

10   frankly, some of the affidavits raise more questions than

11   they do provide answers.

12           While I understand Mr. Pfeiffer's representation,

13   but it doesn't answer the question of what communications

14   have been had about how proceeds may be used from, for

15   example, a forced sale.

16           There is an asset purchase agreement that has been

17   an exhibit in this -- actually, I'm sorry, not an exhibit in

18   this case, but has been referenced in an ordinance that's an

19   exhibit in this case. We don't have that. We don't know

20   what payments may be made on behalf of the City -- the

21   elected officials -- or to the elected officials' counsel

22   down the line, and that's important for us to understand in

23   this case. And we are a creditor.

24           THE COURT: Okay. I mean, I think that my position

25   at this time is, given my sovereignty concerns, I think I

1  would be inclined to deny your motion. But certainly, you

2  should feel free to file whatever you need to in connection

3  with the State Court. You know, there's -- the receiver was

4  appointed and that Court has been issuing lots of different

5  rulings. I think that, to the extent that you have concerns

6  about anything that involves the budgetary concerns of the

7  City, I think that you should go to that court.

8       I was concerned at the outset because it was my

9  understanding that some of the allegations might be that

10 there were parties involved in this bankruptcy proceeding

11 that may have made payments to Mr. Pfeiffer's firm in

12 connection with his representation of the City here, and

13 certainly, that's something that I'd want to know. But

14 you've just heard him confirm that that's not the case.

15      So I think that any other concerns that you have is

16 something that should be taken up by the State Court.

17      I don't know if anyone wanted to -- if the debtor -

18 - I didn't ask the receiver if they had any position. I

19 mean, I know that you've -- you didn't know where the money

20 was coming from and I didn't really give you an opportunity

21 to jump in. But you see where I'm going. Was there anything

22 else that you wanted to add to this before we move on?

23      MR. SUMMERS: Just to, I think, reiterate, Your

24 Honor, that the receiver, which is the sole actor for the

25 City in this bankruptcy case, has not approved any

1  arrangement, fee agreement with Buchanan Ingersoll to

2  represent the elected officials in this case and, you know,

3  is not -- to our knowledge, an engagement agreement hasn't

4  been signed, so we want to clarify that.

5  And then, two, with respect to Mr. Kent's comments

6  about the asset purchase agreement, the -- I think as Mr.

7  Kent knows, the receiver has not signed the asset purchase

8  agreement.  So, as of -- you know, he's decided not to sign

9  it at this point.  So I just want to make sure that that's

10  clear, as well.

11  THE COURT:  All right.  So, Mr. Pfeiffer, I didn't

12  know if you wanted to respond to any of that?

13  MR. PFEIFFER:  No, Your Honor.

14  THE COURT:  Okay.  All right.  He heard your

15  statement, Mr. Summers.  And I guess, if there's anything

16  more, we'll hear about that in the future.

17  But with all of that having been said, I am going

18  to deny the motion now that I'm at least clear on the fact

19  that no fees for this bankruptcy have been paid by any of the

20  interested parties in this case.  So that kind of takes me

21  out of the issue.

22  And you're certainly welcome to file whatever you

23  need to State Court with regard to your concerns.  Thank you,

24  Mr. Kent.

25  MR. KENT:  Understood, Your Honor.  Thank you.

1    THE COURT:  Thank you, Mr. Pfeiffer, thank you, Mr.
2 Summers.
3    MR. PFEIFFER:  Thank you, Your Honor.
4    THE COURT:  All right.  The matter is concluded.
5 Thank you, everybody.  And I'm sorry again for the delay.
6 Thanks.
7    MR. KENT:  Thank you.
8    (Proceedings concluded)
9                               *****

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter to the best of my knowledge and ability.

_____  July 27, 2023

Coleen Rand, AAERT Cert. No. 341

Certified Court Transcriptionist

For RedDoor Legal Services