**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>CITY OF CHESTER, PENNSYLVANIA,<br><br>Debtor. | Chapter 9<br><br>Case No. 22-13032<br><br>Judge Ashely M. Chan |

**APPLICATION OF THE OFFICIAL RETIREE COMMITTEE OF THE
CITY OF CHESTER, PENNSYLVANIA FOR AN ORDER
APPROVING THE EMPLOYMENT OF HERRICK, FEINSTEIN LLP AS
SUBSTITUTE COUNSEL EFFECTIVE AS OF NOVEMBER 13, 2023**

The Official Committee of Retired Employees of the City of Chester, Pennsylvania (the "**Retiree Committee**") hereby submits this application (the "**Application**") for entry of an order to employ the law firm of Herrick, Feinstein LLP ("**Herrick**") as attorneys for the Retiree Committee, effective as of November 13, 2023, in substitution of the law firm of Jenner & Block LLP ("**Jenner**"), pursuant to sections 105(a), 901(a), and 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "**Local Rules**"). In support of this Application, the Retiree Committee submits the *Declaration of Robert Gordon* of Herrick (the "**Gordon Declaration**"), attached hereto as **Exhibit A**, and respectfully states:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). Venue is proper under 28 U.S.C. § 1408. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2. The statutory bases for the relief requested herein are Bankruptcy Code sections 105(a), 901(a), and 1103(a), Bankruptcy Rule 2014, and Local Rule 2014-1.

**Background**

3. On November 10, 2022 (the "**Petition Date**"), the City of Chester, Pennsylvania (the "**City**") filed a petition [Dkt. 1] in this Court seeking protection under chapter 9 of the Bankruptcy Code.

4. Also on the Petition Date, the City filed its *Motion for Entry of an Order (I) Appointing a Judicial Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief* (the "**Mediation Motion**") [Dkt. 16], requesting "the appointment of a judicial Mediator to assist the City and its stakeholders in exploring a path to a viable plan of adjustment that balances the competing claims against the City and the limited resources available." (Mediation Motion ¶ 9.) Among the "Mediation Issues" identified by the City are "the funding of the Pension Plans"; "[a]djustment of pensions and retiree medical and prescription benefits"; "[t]he terms of a plan of adjustment"; and the monetization of water and sewage assets. (*Id*. ¶ 18.) The Mediation Motion envisions participation by all major creditor constituencies and parties in interest (*id*. ¶ 16), including the City's retired public employees (the "**Retirees**"). (*Id*. ¶ 16(c)).

5. The Retirees are the largest creditor constituency in this case, and the City's retirement benefit obligations constitute its largest obligations. The City's filings indicate it owes Retirees approximately $127 million in unfunded pension liabilities (*see* List of Creditors Holding 20 Largest Unsecured Claims at 1-3 [Dkt. 1-2]; Declaration of Vijay Kapoor ¶ 17 [Dkt. 6]), and over $232 million for unfunded retiree healthcare benefits. (Kapoor Decl. ¶ 18).

6. On February 6, 2023, the U.S. Trustee for Regions 3 and 9 (the "**U.S. Trustee**"), pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed seven individuals to the Retiree Committee: Alan Davis, Chuck Bolgunas, Joseph Bail, Mark Sarnocinski, Patrick Carr, Stacy

Landrum, and Todd Nuttall. [Dkt. 215]. On March 17, 2023, the U.S. Trustee filed an Amended Notice of Appointment of the Retiree Committee, adding two more individuals to the Committee: Charles Harris and Joseph Morse, Jr. [Dkt. 271].

7. On February 7, 2023, the Retiree Committee selected Jenner as its primary bankruptcy counsel and Flaster/Greenberg as its local co-counsel. The Retiree Committee's selection of Jenner was based not only on the firm's experience in bankruptcy but also specifically on the experience of then-Jenner attorney Robert Gordon ("**Mr. Gordon**") in representing retiree interests in public-sector restructurings.

8. On May 11, 2023, the Retiree Committee filed its *Application to Employ Jenner & Block as Counsel* [Dkt. 316]. On May 23, 2023, the Court entered a *Revised Order Authorizing the Employment of Jenner & Block* [Dkt. 352], granting the application and authorizing the employment of Jenner.

9. On November 10, 2023, Mr. Gordon withdrew and resigned from Jenner. On November 13, 2023, Mr. Gordon joined Herrick. On November 13, 2023, the Retiree Committee convened a meeting at which it was informed of Mr. Gordon's departure from Jenner and joining of Herrick. At that meeting, in accordance with its bylaws, the Retiree Committee determined to employ Herrick as counsel in substitution of Jenner.

### Relief Requested

10. By this Application, the Retiree Committee requests entry of an order under Bankruptcy Code sections 105(a), 901(a), 1103(a), Bankruptcy Rule 2014, and Local Rule 2014-1, approving the employment of Herrick as the Retiree Committee's primary attorneys to represent and assist the Retiree Committee in the above-captioned bankruptcy proceedings. The Retiree Committee seeks the approval effective as of November 13, 2023, the date on which Mr. Gordon

joined Herrick. Specifically, the Retiree Committee requests that the Court authorize Herrick to perform the services described and on the terms set forth herein.[1]

### Basis For Relief Requested

11. Bankruptcy Code section 1103(a), incorporated into chapter 9 under section 901(a), provides that a committee appointed under section 1102 may, "with the court's approval . . . select and authorize the employment by such committee of one or more attorneys, accountants, or other agents to represent or perform services for such committee." 11 U.S.C. § 1103(a).

### Herrick's Qualifications

12. The Retiree Committee has selected Herrick as its counsel because its attorneys have extensive experience, knowledge, and resources in the areas of complex restructuring and bankruptcy (both private- and public-sector), and Herrick has the ability to commit substantial resources to the representation of the Retiree Committee.

13. In particular, Mr. Gordon has played a central role in representing retirees in the two largest in-court public-sector restructurings in U.S. history. Mr. Gordon served as lead counsel to the Detroit Retirement Systems in the *City of Detroit* chapter 9 bankruptcy case and lead counsel to the Official Retiree Committee in the *Commonwealth of Puerto Rico* case under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act of 2016.

---

[1] The Retiree Committee files this application out of an abundance of caution. Although the City's professionals are not required to seek an order approving their retention and employment (since Bankruptcy Code sections 327 and 328 are not incorporated into chapter 9), there is ambiguity as to the proper procedure for retention of professionals by committees appointed under section 1102. In a chapter 11 case, a committee appointed under section 1102 ordinarily would seek authority to employ counsel pursuant to section 328. Because section 901(a) does not incorporate section 328 of the Bankruptcy Code, the Retiree Committee moves for approval of this Application solely under Bankruptcy Code section 1103(a). In *In re City of Detroit*, the Official Retiree Committee applied for, and the Court granted, an order approving the Retiree Committee professionals' retention. No. 13-53846 (Bankr E.D. Mich.) [Dkt. 1299, 1668]. Accordingly, approval of the application is "appropriate to carry out the provisions" of the Bankruptcy Code under section 105(a). 11 U.S.C. § 105(a).

14. Mr. Gordon has served as lead counsel to the Retiree Committee throughout this case. The Retiree Committee believes that maintaining the continuity of its representation and access to Mr. Gordon's experience in this area of the law is in the best interests of the Committee and its constituents.

15. The Retiree Committee therefore requests that the Court approve the Committee's employment of Herrick as its primary counsel, in substitution of Jenner.

### Services to Be Provided

16. The Retiree Committee requests Herrick to act as its counsel for all matters relating to the performance of the Retiree Committee's duties, including, without limitation, the following services:

   a. providing advice and representation concerning any proposed modifications of pension, healthcare, and other accrued retirement benefits (collectively, "**benefits**") of the City's Retirees;

   b. negotiating with representatives of the City, and any other parties to the chapter 9 case concerning the Retirees' benefits and any matters that may affect those benefits;

   c. representing the Retiree Committee in any proceedings and hearings and any mediation sessions that involve or might involve matters pertaining to the benefits of the Retirees;

   d. preparing on behalf of the Retiree Committee any necessary adversary complaints, motions, applications, objections, orders and other legal papers relating to such matters;

   e. advising the Retiree Committee of its powers and duties;

   f. prosecuting and defending litigation matters and such other matters concerning the Retirees' benefits;

   g. performing such other legal services as may be necessary and appropriate for the efficient and economical resolution of the Retiree Committee's interests in the chapter 9 case.

**Professional Compensation**

17. The professional services of Herrick are necessary to ensure that the interests of the Retirees are properly represented and safeguarded and that all matters relevant to the Retiree Committee are handled in an appropriate manner. Herrick intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional services rendered to the Retiree Committee in connection with the chapter 9 case in accordance with any procedures established and required by the Court.

18. Herrick will charge for its legal services on an hourly basis based on its ordinary and customary hourly rates in effect as of January 1 of the calendar year in which the services are rendered, plus reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by Herrick on behalf of the Retiree Committee. Herrick adjusts its rates annually at the start of each calendar year. The rates set forth herein are Herrick's 2023 rates and are consistent with the rates charged to other clients, including outside of bankruptcy. The Gordon Declaration sets forth information concerning hourly rates currently in effect, which are: $700 to $1,800 for partners, $625 to $1,345 for counsel/of counsel, $470 to $695 for associates, and $295 to $500 for paralegals. Herrick will continue Mr. Gordon's discount in this case of 15% off his standard rate in effect at the time services are rendered; provided further that, for this case, for 2024, Herrick will freeze Mr. Gordon's current discounted rate and not reflect any annual adjustment in his standard rate. This discount will apply solely to Mr. Gordon and not to any other attorneys or paralegals at Herrick. For the avoidance of doubt, out-of-pocket expenses incurred by Herrick will not be subject to discount and will be charged in accordance with paragraph 16 of the Gordon Declaration.

19. The Retiree Committee submits that, in light of the complexity of the issues involved in this case and the magnitude of the interests at stake, such rates are reasonable and should be approved by the Court subject to a determination of the amount to be paid to Herrick pursuant to applicable compensation procedures and law in this case. The more limited rate discount relative to the discount proposed by Jenner is also appropriate in light of the fact that Herrick's standard rates are lower than Jenner's rates and also in light of the prospect of receiving reduced interim compensation during this case due to the City's stated cash flow challenges. The Retiree Committee requests that all approved fees and related costs and expenses incurred by Herrick be paid as administrative expenses pursuant to section 503(b) of the Bankruptcy Code, 11 U.S.C. §§ 503(b) and 901(a), and in accordance with any compensation procedures established by the Court.

## Herrick's Disinterestedness

20. As described in the Gordon Declaration, Herrick has conducted a search of its conflict database and has made other internal inquiries about connections with certain Parties in Interest. The Gordon Declaration sets forth the scope of the search and those inquiries and their results.

21. The Retiree Committee believes that none of Herrick's connections to Parties in Interest identified in the Gordon Declaration disqualify Herrick from serving as counsel to the Retiree Committee.

22. Based upon the Gordon Declaration, the Retiree Committee believes that Herrick does not hold or represent an interest adverse to the City. The disclosures by Herrick set forth in the Gordon Declaration have been made based upon a review of the best information available at the time.

23. Herrick has agreed to review its files periodically during its employment in this chapter 9 case to identify any additional connections and, to the extent that any are discovered, will file a supplemental declaration setting forth the additional disclosures required by Bankruptcy Rule 2014(a).

24. The Retiree Committee believes that the employment of Herrick would be in the best interests of the Retiree Committee and the Retirees and desires to employ Herrick, effective as of November 13, 2023.

25. For the avoidance of doubt, the Retiree Committee submits that while the fees and expenses incurred by Jenner in this case are subject to review by the Court for reasonableness, the substitution of Herrick for Jenner does not affect the validity of Jenner's employment or the actions taken by Jenner on behalf of the Retiree Committee in this case prior to November 13, 2023.

## No Duplication of Services

26. By separate application [Dkt. 326] and order [Dkt. 353], the Retiree Committee has obtained Court approval for its employment of Flaster/Greenberg P.C. as local co-counsel in this chapter 9 case. The services that Herrick and Flaster/Greenberg will provide to the Retiree Committee will be appropriately directed by the Retiree Committee to avoid duplication of efforts by these firms. The Retiree Committee believes that the services to be provided by Herrick will not be duplicative of any services of the Committee's other professionals.

## Conclusion

WHEREFORE, the Retiree Committee respectfully requests the entry of an Order in the form attached hereto as **Exhibit B**: (i) authorizing and approving the employment by the Retiree Committee of Herrick as its attorneys for the express purposes set forth herein, effective as of November 13, 2023, with compensation and reimbursement of expenses to be paid as an

administrative expense pursuant to section 503(b) of the Bankruptcy Code in such amounts as may be allowed by this Court pursuant to any order of this Court governing the compensation and reimbursement of professionals' fees and expenses; and (ii) granting such other and further relief as this Court deems just and proper.

(*Signature page follows.*)

**APPROVED:** THE OFFICIAL RETIREE COMMITTEE OF THE CITY OF CHESTER, PENNSYLVANIA

Date: <u>November 13, 2023</u>

By: <u>/s/ *Alan Davis*</u>
Alan Davis, Co-Chairperson


Dated: November 13, 2023

<u>/s/ *Robert D. Gordon*</u>
HERRICK, FEINSTEIN LLP
Robert D. Gordon (admitted *pro hac vice*)
2 Park Avenue
New York, NY 10016
(212) 592-1400
rgordon@herrick.com

Respectfully submitted,

<u>/s/ *William J. Burnett*</u>
FLASTER/GREENBERG P.C.
William J. Burnett (PA Bar No. 75975)
1717 Arch St., Suite 3300
Philadelphia, PA 19103
(215) 279-9383
william.burnett@flastergreenberg.com

*Counsel and Proposed Counsel for The Official Committee of Retired Employees of Chester, Pennsylvania*