# EXHIBIT B

## **INSTRUCTIONS**

A.  Production shall be made as the records are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of this request.

B.  If any documents are not available for production because they have been misplaced, discarded, or destroyed, identify which documents cannot be produced for these reasons, and state fully in writing the reasons that the documents are unavailable.

C.  If any documents cannot be produced in full, they shall be produced to the maximum extent possible and the Storm Water Authority of the City of Chester's ("<u>SAC</u>") shall specify in writing the reasons for their inability to produce the remainder.

D.  If any documents are available but are not produced because of an objection including an objection based on privilege, identify such documents with particularity as to date, subject matter, and the nature of the objection or privilege claim.

E.  If documents called for are not available to you because they are in custody or control of a third person, identify such documents and the third person in whose possession or control said documents are to be found.

F.  Produce original documents whenever such documents are available to you.

G.  Produce all documents available by virtue of being in possession of your attorneys or other agents.

H.  In accordance with Federal Rule of Bankruptcy Procedure 7026, where a claim of privilege is asserted in objecting to any Document Request or part thereof, and production is not provided on the basis of such assertion:

    1.  In asserting the privilege, the responding party shall, in the objection, identify with specificity, the nature of the privilege that is being claimed;

2. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and other recipient of the document, and, where not apparent, the relationship of the author, addressee, custodian, and other recipient to each other.

I. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all." "Any" means "any and all." "Including" means "including but not limited to." "And" or "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of this request any information that might otherwise be construed as to be outside its scope. Words in the masculine, feminine, or neuter shall include each of the other genders.

J. Unless otherwise stated, the time period applicable to the Documents and Communications called for is from November 1, 2016 through the date of this document request, subject to SAC's ongoing obligations to supplement their responses under the applicable rules.

## DOCUMENT REQUESTS

REQUEST NO. 1:

SAC's March 2024 and April 2024 bank statements.

REQUEST NO. 2:

Any SAC budget to actual report for 2023 and 2024.

REQUEST NO. 3:

SAC's Annual Budget for the Fiscal Year ending December 2024

REQUEST NO. 4:

Any SAC cash flow projections for the Fiscal Year ending December 2024

REQUEST NO. 5:

Copies of all agreements with the Pennsylvania Infrastructure Investment Authority ("" PENNVEST"), including, without limitation, the terms of SAC's agreement with PENNVEST regarding renegotiation of recent loan payments.

REQUEST NO. 6:

SAC's 2025-2029 rate projections.

REQUEST NO. 7:

For all buildings owned by SAC:

a. A description of the square footage and use of the property including the number of employees that work at the location and personal property assets at the location.

b. The date each property was acquired and acquisition documents including any related financing documents.

c. Copies of any current leases or subleases related to the properties.

d. Copies of any documents that evidence a lien on any real property owned by SAC.

REQUEST NO. 8:

SAC's long-term control plan ("LTCP") and current status of each project identified in the LTCP.

REQUEST NO. 9:

Copies of any and all agreements with Corvias, whether or not they have been terminated or have expired by their own terms.

REQUEST NO. 10:

Copies of documents that evidence the $25,000 loan from Faith Temple Holy Church and the loan $15,000 from Dr. Horace Strand, including

>  a. any promissory note(s) or other loan documents;

>  b. copies of cancelled checks or other evidence of an ACH or wire transfer showing the funds received by SAC or repaid by SAC; and

>  c. evidence of approval by SAC's board of directors

>  d. Evidence that SAC incurred the indebtedness evidenced by the loans in accordance with the requirements of Section 5608 of the Municipal Authorities Act.

REQUEST N0. 11

Copies of any documents previously requested by the City but not produced in connection with the prior 2004 requests.