IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| CITY OF CHESTER, PENNSYLVANIA, | : | Chapter 9 |
| | : | |
| | : | Case No. 22-13032-amc |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |

**RESPONSE BY CHESTER WATER AUTHORITY TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER REQUIRING THE STORMWARTER AUTHORITY OF THE CITY OF CHESTER TO PRODUCE DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2004 [DOC. 555]**

The Debtor has moved pursuant to Fed. R. Bank. P. 2004 to compel the Stormwater Authority of the City of Chester ("SAC") to produce certain documents based on "significant concerns about the financial condition, operations, management and governance of" SAC. Doc. 555 at 2. In view of the "broad inquiry" permitted by Rule 2004, *In re Valley Forge Plaza Associates*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) the Chester Water Authority ("CWA") takes no position on the ultimate relief requested the Debtor's motion, which is related to discovery from an entity other than the CWA. Rather the CWA objects to the manner in which Debtor has couched its request. CWA submits this brief response to encourage the Court to avoid deciding the Debtor's motion based on statements the Debtor makes concerning the relationship between the Debtor and municipal authorities such as the CWA under Pennsylvania law.[1]

---

[1] The CWA and the SAC are both Pennsylvania Municipal Authorities. However, there are important differences between the two. As the Debtor recognizes in its motion, the SAC is "a municipal authority serving only a single municipality[.]" Doc. 555 at 1. The CWA, by contrast, operates in three Counties across Southeastern Pennsylvania and is multijurisdictional. *See* 53 Pa.C.S. § 5610(a.1). Likewise, the CWA's board consists of members appointed by three

The Debtor's troubling statements appear when it proclaims in its motion that under Section 5622 of Pennsylvania's Municipality Authorities Act ("MAA"), 53 Pa.C.S. § 5622, "as the incorporating municipality of SAC, [it] has the unilateral right to re-acquire all assets of SAC." Doc. 555 at 4, ¶ 8; *see also id*. at 8, ¶ 25 (similar). Indeed, at one point, the Debtor even cites to a Pennsylvania Commonwealth Court case *between the Debtor and the CWA*, now on appeal by allowance to the Pennsylvania Supreme Court (and stayed by order of that court), for this proposition. *See id*. at 14-15, ¶ 47 (citing *In re Chester Water Authority Tr*, 263 A.3d 689 (Pa. Cmwlth. 2021), *appeal granted*, 276 A.3d 203 (Pa. 2022) (table)).[2] [3] If the Court were to decide the motion on this basis, it would risk intruding into the sovereign power of the Commonwealth of Pennsylvania to determine the allocation of power between its political subdivisions; something the Court lacks jurisdiction to do.

The Court should not rest its decision in the Debtor's a fairly straightforward discovery motion to decide an issue of Pennsylvania law that would cause it to exceed the boundaries of its jurisdiction. Indeed, foundational principals of federalism under our system of dual sovereignty, as well as the scheme of Chapter 9 of the Bankruptcy Code (designed to ensure its constitutionality), preclude the Court from exercising jurisdiction over the allocation of power

---

separate municipal entities: the City, Chester County, and Delaware County. The CWA nevertheless believes it is important for the Court to avoid delving into the relationship between the Debtor and itself, as explained in this response.

[2] As a matter of Pennsylvania law, authorities like the CWA "are not the creatures, agents or representatives of the municipalities which organize them, but rather are **independent agencies of the Commonwealth, and part of its sovereignty**." *Com. v. Erie Metro. Transit Auth*., 281 A.2d 882, 884 (Pa. 1971) (internal quotation marks omitted) (emphasis added).

[3] This dispute between the City and the CWA was fully briefed and set to be argued on November 30, 2022 (prior to the Debtor's Bankruptcy). *See* Nos. 46-53 MAP 2020 (Pa.). The Court should view with skepticism the Debtor's characterization of a state court opinion that the Pennsylvania Supreme Court has already exercised its discretion to review.

2

between the City and the Authority. Congress embedded this protection in multiple sections of Chapter 9 of the Bankruptcy Code. It instructed that Chapter 9 "does not limit or impair the power of a State to control, by legislation or otherwise, a municipality of or in such State in the exercise of the political or governmental powers of such municipality[.]" 11 U.S.C. § 903. In this way, Section 903 "acknowledges the continued authority of the state over its municipalities[.]" Federal Judicial Center, *Navigating Chapter 9 of the Bankruptcy Code* 7 (2017). Section 904 of the Code *separately* limits the power of the bankruptcy court to interfere with "any of the political or governmental powers of the debtor[.]" 11 U.S.C. § 904. It would be unprecedented to allow the City to use its voluntary decision to enter bankruptcy to force or effectuate what would amount to an involuntary bankruptcy status for the CWA (or of any other municipal entity of the Commonwealth).

Federalism and dual sovereignty required Congress to include these protections of state authority because "[t]hrough the structure of its government, and the character of those who exercise government authority, a State defines itself as a sovereign" *Gregory v. Ashcroft*, 501 U.S. 452, 460 (1991) (permitting state regulation of judicial retirement age); *see also United States v. Bekins*, 304 U.S. 27, 51 (1938) (quoting with approval joint Congressional Judicial Committee report distinguishing prior municipal bankruptcy law previously held unconstitutional and addressing federalism concerns over subsequent statute on basis that, *inter alia*, "[n]o interference with the fiscal or governmental affairs of a political subdivision is permitted. . . . No involuntary proceedings are allowable, and no control or jurisdiction over that property and those revenues of the petitioning agency necessary for essential governmental purposes is conferred by the bill." (internal quotation marks omitted)); Federal Judicial Center, *Navigating Chapter 9 of the Bankruptcy Code* 6 (2017) (In *Bekins* "[t]he Court focused on the

long history of compositions under federal bankruptcy law and the consensual nature of the 1937 legislation.").[4]

In passing on the CWA's earlier motion under Rule 2004, which sought information about payments made by the Debtor to its counsel, the Court endeavored to "observe the sovereignty of the City" and ultimately denied the motion "given [its]" sovereignty concerns. 6/27/23 Tr. at 6:17, 7:25. We reiterate that the Court can address the Debtor's motion, which at its core only raises a straightforward discovery dispute, without deciding or addressing the complex issues of allocation of power among political subdivisions of the Commonwealth. Principles of sovereignty and federalism instruct that it should do so.

In filing this response, the CWA reserves all of its rights as a municipal entity of the Commonwealth of Pennsylvania.

[SIGNATURE FOLLOWS ON NEXT PAGE]

---

[4] As another Pennsylvania bankruptcy court observed over a decade ago, "[a]lthough Congress has the sole power to establish 'uniform Laws on the subject of Bankruptcies throughout the United States' (U.S. Const. art. I, § 8), where federal bankruptcy law intersects with the rights of states to regulate the activities of political subdivisions created by the state, principles of dual sovereignty as defined by the Tenth Amendment must be considered." *In re City of Harrisburg, PA*, 465 B.R. 744, 753 (Bankr. M.D. Pa. 2011).

4

| | |
|---|---|
| Dated:  May 23, 2024 | CLARK HILL, PLC |

*/s/ Megan A. Guernsey*

William C. Price (Pa. I.D. No. 90871)
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7776
Facsimile:  (412) 394-2555
wprice@clarkhill.com

Kevin Dooley Kent (Pa. I.D. No. 85962)
2001 Market Street, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 640-8531
Facsimile: (215) 640-8501
kkent@clarkhill.com

Megan A. Guernsey (Pa. I.D. No. 202065)
2001 Market Street, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 640-8522
Facsimile: (215) 640-8501
mguernsey@clarkhill.com

Ronald A. King (MI Bar No. P45088)
215 South Washington Square, Suite 200
Lansing, MI 48933
Telephone: (517) 318-3015
Facsimile: (517) 318-3099
rking@clarkhill.com
(*Pro Hac Vice*)

Jennifer K. Green (MI Bar No. P69019)
151 S. Old Woodward, Suite 200
Birmingham, MI 48009
Telephone: (248) 988-2315
Facsimile: (248) 642-2174
jgreen@clarkhill.com
(*Pro Hac Vice*)

*Counsel for Chester Water Authority*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | |
| : | |
| CITY OF CHESTER, PENNSYLVANIA, : | Chapter 9 |
| : | |
| : | Case No. 22-13032-amc |
| : | |
| Debtor. : | |
| : | |
| : | |

## CERTIFICATE OF SERVICE

I, hereby certify that on the date set forth below I caused a true and correct copy of the foregoing *Response By Chester Water Authority To Debtor's Motion For Entry Of An Order Requiring The Stormwarter Authority Of The City Of Chester To Produce Documents Pursuant To Bankruptcy Rule 2004* to be served upon all interested parties registered for ECF notification.

Dated: May 23, 2024                                    CLARK HILL, PLC


                                                        */s/ Megan A. Guernsey*

                                                        Megan A. Guernsey (Pa. I.D. No. 202065)
                                                        2001 Market Street, Suite 2620
                                                        Philadelphia, PA 19103
                                                        Telephone: (215) 640-8522
                                                        Facsimile: (215) 640-8501
                                                        mguernsey@clarkhill.com

                                                        *Counsel for Chester Water Authority*