**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 9 |
| | : | |
| CITY OF CHESTER, PENNSYLVANIA, | : | Case No. 22-13032 |
| | : | |
| Debtor. | : | Judge Ashely M. Chan |
| | : | |

**DEBTOR'S MOTION TO WITHDRAW THE EMERGENCY MOTION OF DEBTOR,**
**THE CITY OF CHESTER, FOR ORDER ENFORCING THE AUTOMATIC STAY AND**
**IMPOSING SANCTIONS AGAINST CHESTER WATER AUTHORITY**

The City of Chester ("Chester" or the "City"), as the debtor in the above-captioned

chapter 9 case, moves, pursuant to Rule 41 of the Federal Rules of Civil Procedure (the "Civil

Rules"), and Rule 7041 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A**, withdrawing

the *Emergency Motion of Debtor, The City of Chester, for Order Enforcing the Automatic Stay*

*and Imposing Sanctions Against Chester Water Authority* [Docket No. 679] (the "Motion to

Enforce").  In support of this Motion, the City respectfully represents as follows:

### I.        Jurisdiction and Venue

1.        This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.        This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.        Venue for this matter is proper in the Eastern District of Pennsylvania pursuant to

28 U.S.C. §§ 1408 and 1409.

### II.        Background

4.        Since 2019, the City and Chester Water Authority ("CWA") have been engaged in

protracted litigation regarding, among other things, whether the City has the unilateral right under

the Pennsylvania Municipal Authorities Act, 53 Pa. C.S. §§ 5601 *et seq.* ("MAA") to dissolve

CWA and take possession of its assets. In 2021, the Pennsylvania Commonwealth Court ("Commonwealth Court") held that the City did have that unilateral right. *See In re Chester Water Auth. Tr.*, 263 A.3d 689 (Pa. Commw. Ct. 2021).

5.    On February 7, 2025, the City filed the Motion to Enforce, which sought to enforce the automatic stay against CWA to prevent CWA from interfering with the City's ongoing sale process (the "RFP Process"), including by issuing requests under the Pennsylvania Right to Know law targeting potential participants in the RFP Process.

6.    On February 12, 2025, CWA objected to the Motion to Enforce [Docket No. 686] (the "Objection").

7.    During a preliminary hearing on the Motion to Enforce, this Court held that the City's statutory right to dissolve CWA under the MAA was a contingent property interest protected by the automatic stay under Section 363(a)(3) of the Bankruptcy Code. *See* Docket No. 707, Tr. of 2/12/25 Hr'g. Thereafter, on February 13, 2025, this Court entered the *Order Enforcing the Automatic Stay Against the Chester Water Authority* [Docket No. 692], which was subsequently amended on February 21, 2025 [Docket No. 713] (the "Stay Orders"), enforcing the automatic stay and preventing CWA from interfering with the RFP Process.

8.    On February 27, 2025, CWA filed the *Notice of Appeal and Statement of Election* [Docket No. 720] appealing the Stay Orders to the United States District Court for the Eastern District of Pennsylvania (the "District Court").

9.    On September 4, 2025, the District Court granted the City's motion to dismiss that appeal. *Chester Water Authority v. City of Chester, Pennsylvania*, No. 25-cv-1114-MRP, Docket Nos. 48-49 (E.D. Pa.).

10.    On September 19, 2025, CWA appealed that dismissal to the Third Circuit. *See id.*

at Docket No. 52.

11.     Among other things, through the appeal CWA seeks vacatur of the Stay Orders by the Third Circuit.  *See Brief for* Appellant, *Chester Water Authority v. City of Chester, Pennsylvania*, No. 25-2783, Docket No. 27 at p. 31-32. (3d. Cir.).

12.     On January 21, 2026, the Pennsylvania Supreme Court issued a decision reversing the Commonwealth Court's decision.  *See In re Chester Water Auth. Tr.*, No. 46 MAP 2022 *et seq.*, 2025 WL 168066 (Pa. Jan. 21, 2026).

13.     In light of the Pennsylvania Supreme Court's decision, the City has suspended the RFP Process and will file with the Third Circuit a motion seeking to suspend briefing, vacate the Stay Orders, and dismiss the appeal.

14.     The City has discussed its planned filings with CWA, however, CWA has not agreed to the withdrawal of the Motion to Enforce.  Therefore, the City files this motion seeking to withdraw the Motion to Enforce.

### III.     Relief Requested and Basis for Relief

15.     Bankruptcy Rule 9014, which applies to contested matters, incorporates Bankruptcy Rule 7041.  Fed. R. Bankr. P. 7041, 9014(c)(1).  Bankruptcy Rule 7041 goes on to incorporate Civil Rule 41.  *Id.  See also* 10 Collier on Bankruptcy P 7041.01 ("Rule 41 of the Federal Rules of Civil Procedure, through Bankruptcy Rule 7041, is also applicable in contested matters raised by motion pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure.").

16.     Federal Rule 41 provides that a movant can only withdraw a motion without court order before opposition is filed, or if opposition has been filed, by a stipulation signed by all parties. *See* Fed. R. Civ. P. 41(a)(1)(A)(i), (a)(2); *Quicken Loans, Inc. v. Winnecour (In re Dworek)*, 589 B.R. 267, 271 (Bankr. W.D. Pa. 2018).

17. Here, CWA filed the Objection and has not agreed to dismissal of the Motion to Enforce, requiring the City to file this Motion to withdraw the Motion to Enforce. *Airport Bus. Ctr. v. Emad Aziz Masoud Alfahel (In re Emad Aziz Masoud Alfahel)*, 651 B.R. 381, 389 (9th Cir BAP 2023) ("In the context of contested matters, a response or objection to a motion for relief constitutes an 'answer' for purposes of Civil Rule 41(a).").

18. At this time, due to the changed circumstances arising from the Pennsylvania Supreme Court's decision, the City has elected to suspend the RFP Process and has determined not to pursue the Motion to Enforce, mooting the attendant appeals.

19. CWA will not be prejudiced by the withdrawal of the Motion to Enforce and will instead avoid legal fees associated with further litigation and appeals.  Moreover, the withdrawal allows CWA to accomplish what it seeks in its appeal—vacatur of the Stay Orders.

### IV.    Reservation of Rights

20. The City files this Motion without prejudice to or waiver of its rights pursuant to Section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute, or shall be deemed to constitute the City's consent, pursuant to Section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City, or (c) the City's use or enjoyment of any income-producing property.

21. Additionally, the City's agreement to vacate the Stay Orders does not reflect a waiver of any legal argument asserted by the City in the this chapter 9 proceeding or any appeal before the District Court or Third Circuit.  The City further reserves all rights with respect to any potential legal arguments the City may have in light of the Pennsylvania Supreme Court's decision.

## V.      Notice

22.      Notice of this Motion will be provided to the following (or their counsel, if known) (a) the Office of the United States Trustee; (b) the City's largest unsecured creditors as identified on the list filed under Bankruptcy Rule 1007(d); (c) CWA; and (d) any party that has requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002.  The City submits that, in light of the nature of the relief requested herein, no other or further notice is required.

WHEREFORE, the City respectfully requests the entry of an order substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief the Court may deem just and proper.

January 23, 2026

Respectfully submitted,

*/s/ Tobey M. Daluz*
Tobey M. Daluz (PA Bar No. 60685)
Margaret A. Vesper (PA Bar No. 329793)
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 864-8148
Email:  daluzt@ballardspahr.com
         vesperm@ballardspahr.com

-and-

Matthew G. Summers*
Laurel D. Roglen*
Nicholas J. Brannick*
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4465
Email: summersm@ballardspahr.com
        roglenl@ballardspahr.com
        brannickn@ballardspahr.com

(*Admitted *pro hac vice*)

*Attorneys for the City of Chester*

5