**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| CITY OF CHESTER, PENNSYLVANIA, | : | Chapter 9 |
| | : | |
| Debtor. | : | Case No. 22-13032-amc |
| | : | |
| | : | Related to ECF 1002 |
| | : | |
| | : | Chief Judge Ashely M. Chan |

**CHESTER WATER AUTHORITY'S OBJECTION TO "DEBTOR'S MOTION TO
WITHDRAW THE EMERGENCY MOTION OF DEBTOR, THE CITY OF CHESTER,
FOR ORDER ENFORCING THE AUTOMATIC STAY AND IMPOSING SANCTIONS
AGAINST CHESTER WATER AUTHORITY"**

The Chester Water Authority (the "CWA"), objects to the Debtor's ("City's") *Motion to Withdraw the Emergency Motion of Debtor, the City of Chester, for Order Enforcing the Automatic Stay and Imposing Sanctions Against Chester Water Authority* (ECF 1002) being considered at this time; instead, the CWA maintains that the proper course of action is for the Court to hold any decision on the City's motion in abeyance pending the Third Circuit's decision on the CWA's appeal to that court (*In re City of Chester*, No. 25-2783 (3d Cir.)) and on the City's motion filed in parallel there. *See* **Exhibit A**, 1/23/26 City's Motion to Suspend Briefing, Vacate Bankruptcy Court Orders, and Dismiss Appeal.

The Court should hold a decision on the City's motion in abeyance because the City seeks more comprehensive relief in the Third Circuit than it does in this Court. Unlike the motion the City filed here, the City's Third Circuit motion asks that court to vacate the two orders on appeal. *Id*. at 1.[1] While the City's Third Circuit motion also asks to dismiss the CWA's Third Circuit appeal, it does so as an add-on request at the end, seeking that relief only "**if** th[e

---

[1] The CWA's response to the City's motion in the Third Circuit is due on February 2, 2026. *See* Fed. R. App. P. 27(a)(3)(A).

Third Circuit] enters an order vacating the Bankruptcy Court's Stay Orders or issues an order directing the Bankruptcy Court to vacate the Stay Orders[.]" *Id*. at 4 (emphasis added). Thus, although the City does not say so directly, a comparison of the City's two parallel motions seems to acknowledge that the Third Circuit is the appropriate court to grant the CWA complete relief. In addition:

1. The Third Circuit has already granted the CWA's motion to expedite its appeal there, over the City's opposition; (s*ee* **Exhibit B**, 12/17/25 Third Circuit Order)

2. The CWA has already filed its brief in the Third Circuit;

3. The City filed its parallel motion to vacate in the Third Circuit on January 23, 2026, with the CWA's response thereto filed today (*See* **Exhibit C**, 1/30/26 CWA Response to City's Motion to Suspend Briefing, Vacate Bankruptcy Court Orders, and Dismiss Appeal); and

4. On January 27, 2026, The Third Circuit calendared the CWA's appeal for March 23, 2026. *See* **Exhibit D**, 1/27/26 Third Circuit Notice.

Accordingly, because the City's motion in the Third Circuit will need to be resolved regardless of what this Court decides, the Third Circuit will still need to decide the CWA's appeal, and the appeal to the Third Circuit is proceeding apace, judicial efficiency favors allowing the Third Circuit to act first.

Finally, although the City declares in its motion to this Court that its "determin[ation] not to pursue the Motion to Enforce" would "moot[] the attendant appeals[,]" ECF 1002 at ¶ 18, whether the CWA's appeal is moot—it is not—is necessarily a question for the Third Circuit; not

the City's unilateral declaration. Indeed, if the Third Circuit sustains the CWA's position on

appeal, it may well be that the Third Circuit's action moots the City's motion in this Court.[2]

WHEREFORE, the CWA respectfully requests that Court hold the City's *Motion to*

*Withdraw the Emergency Motion of Debtor, The City of Chester, for Order Enforcing the*

*Automatic Stay and Imposing Sanctions Against Chester Water Authority* (ECF 1002) in

abeyance pending the Third Circuit's action on the City's parallel motion and the CWA' appeal

pending in that court.

[SIGNATURE BLOCK FOLLOWS ON NEXT PAGE]

---

[2] The Court should approach the City's motion with some skepticism and appropriate caution. Without veering into the merits at this time, the Court should observe that the City's motion does not address the standard for vacating a court order; it does not even directly ask for that relief. Instead, the City bypasses that inquiry by arguing that it meets the standard for withdrawing its already-decided motion.

Dated: January 29, 2026

**CLARK HILL PLC**

*/s/ Kevin Dooley Kent*
Kevin Dooley Kent (Pa. I.D. No. 85962)
Megan A. Guernsey (Pa. I.D. No. 202065)
2001 Market Street, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 640-8531/8522
Facsimile: (215) 640-8501
kkent@clarkhill.com
mguernsey@clarkhill.com

Jennifer K. Green (MI Bar No. P69019)
151 S. Old Woodward, Suite 200
Birmingham, MI 48009
Telephone: (248) 988-2315
Facsimile: (248) 642-2174
jgreen@clarkhill.com
(Pro Hac Vice)

William C. Price (Pa. I.D. No. 90871)
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7776
Facsimile: (412) 394-2555
wprice@clarkhill.com

Ronald A. King (MI Bar No. P45088)
215 South Washington Square, Suite 200
Lansing, MI 48933
Telephone: (517) 318-3015
Facsimile: (517) 318-3099
rking@clarkhill.com
(Pro Hac Vice)

*Counsel for Chester Water Authority*

4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| CITY OF CHESTER, PENNSYLVANIA, | : | Chapter 9 |
| | : | |
| Debtor. | : | Case No. 22-13032-amc |
| | : | |
| | : | Related to ECF 1002 |
| | : | |
| _____ | : | Chief Judge Ashely M. Chan |

**ORDER HOLDING "DEBTOR'S MOTION TO WITHDRAW THE EMERGENCY MOTION OF DEBTOR, THE CITY OF CHESTER, FOR ORDER ENFORCING THE AUTOMATIC STAY AND IMPOSING SANCTIONS AGAINST CHESTER WATER AUTHORITY" IN ABEYANCE PENDING RESOLUTION OF THIRD CIRCUIT APPEAL**

AND NOW, this _____ day of _____, 2026, upon consideration of the City's

*Motion to Withdraw the Emergency Motion of Debtor, the City of Chester, for Order Enforcing*

*the Automatic Stay and Imposing Sanctions Against Chester Water Authority* (ECF 1002) and the

CWA's Objection thereto, it is hereby ORDERED that consideration of the City's motion is held

in abeyance pending resolution of the CWA's appeal in *In re City of Chester*, No. 25-2783 (3d

Cir.).

.

BY THE COURT:

_____
ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE