**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 9 |
| | : | |
| CITY OF CHESTER, PENNSYLVANIA, | : | Case No. 22-13032-amc |
| | : | |
| Debtor. | : | Related to Dkt. No. 1010 |
| | : | |
| | : | Chief Judge Ashely M. Chan |

**CHESTER WATER AUTHORITY'S MOTION FOR LEAVE TO FILE REPLY IN
SUPPORT OF ITS MOTION TO PROCEED PURSUANT TO THE PENNSYLVANIA
SUPREME COURT'S REMAND ORDER AND FOR A DETERMINATION THAT
THE AUTOMATIC STAY DOES NOT APPLY, OR, IN THE ALTERNATIVE, TO
LIFT THE STAY FOR CAUSE AND TO EXCEED PAGE LIMIT**

The Chester Water Authority (the "CWA"), by and through its undersigned counsel,
submits this motion (the "Leave Motion") and respectfully requests the entry of an order
substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") granting leave (a)
to file the reply attached hereto as **Exhibit B** (the "Proposed Reply") in support of the *Chester
Water Authority's Motion to Proceed Pursuant to the Pennsylvania Supreme Court's Remand
Order and For a Declaration That the Automatic Stay Does Not Apply, or in the Alternative, to
Lift the Automatic Stay for Cause* [Dkt. No. 1010] (the "Motion"[1]) to address certain positions
asserted in the objection and response thereto [Dkt. No. 1022] (the "Objection") filed by the City
of Chester, Pennsylvania (the "Debtor"); and (b) for the Proposed Reply to exceed the page limit
set forth in Contested Matter Practice and Procedure 1(c) of *The Judicial Practices and Procedures
of Bankruptcy Judge Ashely M. Chan* (the "Chan Procedures"). In support of this Leave Motion,
the CWA respectfully states as follows:

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms
in the Motion.

## I.      RELEVANT FACTS

1.      On March 2, 2026, the CWA filed the Motion, seeking the entry of an order (i) acknowledging the CWA's right to proceed with the Trust Petition Matter pending in the Orphans' Court on remand from the Pennsylvania Supreme Court; and (ii) declaring the automatic stay inapplicable to the Trust Petition Matter, or in the alternative, lifting the stay for cause.  The CWA seeks such relief in compliance with paragraph 1 of the prior-entered Stipulated Order following the Pennsylvania Supreme Court's decision issued in the State Court Appeal on January 21, 2026, in which that court determined, *inter alia*, that the Debtor does not hold a unilateral right to seize and sell the CWA's assets under section 5622(a) of the MAA.  *See In re Chester Water Auth. Tr.*, 349 A.3d 892, 927 (Pa. 2026).

2.      In the Motion, the CWA argues that section 362(a)(3) of the Bankruptcy Code does not apply because the Pennsylvania Supreme Court has made clear that the Debtor holds no property interest in the CWA or its assets under the MAA.  It further argues that the Trust Petition Matter is likewise not a proceeding against the Debtor subject to section 362(a)(1) but rather an *in rem* proceeding subject to the prior jurisdiction of the Orphans' Court, and such matter implicates no other provision of section 362(a).  In the alternative, if the Court determines that any alleged automatic stay applies, the CWA argues that cause exists to lift the stay because the balance of harms strongly favors the CWA.

3.      On March 16, 2026, the Debtor filed the Objection.  In the Objection, the Debtor argues that it holds a contingent right under the MAA following the Pennsylvania Supreme Court's decision in the State Court Appeal, as well as under a potential future revision to the MAA sought in an intervening state court action commenced by the Debtor to invalidate Act 73 on state constitutional grounds, that is a property interest subject to section 362(a)(3) of the Bankruptcy

2

Code.  The Debtor also argues that the Trust Petition Matter is an action against the Debtor subject to section 362(a)(1) rather than an *in rem* proceeding.  Finally, the Debtor argues that "a failure to immediately return to the Orphan's Court will not harm CWA in any way, pursuit of the Trust Petition [Matter] would certainly create new harm to the [Debtor], which is CWA's true goal." Obj. ¶ 73.

4. On March 24, 2026, the Ad Hoc Committee of Ratepayers of the Chester Water Authority filed a joinder to the Motion [Dkt. No. 1025].

## II. ARGUMENT

5. Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rule 9014-3 of the Bankruptcy Court's Local Bankruptcy Rules do not provide for the filing of a reply as of right. Contested Matter Practice and Procedure 1(c) of the Chan Procedures provides that reply briefs may be permitted with the Court's permission and shall not exceed seven pages without leave of Court.

6. The CWA respectfully requests leave to file the Proposed Reply to address the Debtor's unfounded positions set forth in paragraph 3 of this Leave Motion, including but not limited to the Debtor's extensive arguments regarding the impact of its action to challenge the constitutionality of Act 73 on the relief requested by the CWA, which the Debtor commenced after the CWA filed its Motion.

7. The Proposed Reply is necessary to adequately respond to such positions in advance of the hearing set for April 1, 2026.  In light of the weighty issues before the Bankruptcy Court and their significant impact on the rights and interests of the CWA, including but not limited to the Debtor's arguments regarding the filing of its Act 73 litigation while the Motion was pending, the CWA submits that an adequate response to the Debtor's positions cannot be

ClarkHill\L5215\455064\287180792.v1-3/30/26

accomplished within the seven-page limit imposed by Contested Matter Practice Procedure 1(c) of the Chan Procedures and respectfully requests leave to exceed such limit.

### III. CONCLUSION

WHEREFORE, the CWA respectfully requests the entry of the Proposed Order granting the CWA leave to file the Proposed Reply and to exceed the page limit.

[SIGNATURES FOLLOW ON NEXT PAGE]

ClarkHill\L5215\455064\287180792.v1-3/30/26

Dated: March 30, 2026

**CLARK HILL PLC**

*/s/ Jennifer K. Green*
Jennifer K. Green (MI Bar No. P69019)
151 S. Old Woodward, Suite 200
Birmingham, MI 48009
Telephone: (248) 988-2315
Facsimile: (248) 642-2174
jgreen@clarkhill.com
(*Pro Hac Vice*)

Kevin Dooley Kent (Pa. I.D. No. 85962)
2001 Market Street, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 640-8531
Facsimile: (215) 640-8501
kkent@clarkhill.com

Megan A. Guernsey (Pa. I.D. No. 202065)
2001 Market Street, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 640-8522
Facsimile: (215) 640-8501
mguernsey@clarkhill.com

William C. Price (Pa. I.D. No. 90871)
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7776
Facsimile: (412) 394-2555
wprice@clarkhill.com

Ronald A. King (MI Bar No. P45088)
215 South Washington Square, Suite 200
Lansing, MI 48933
Telephone: (517) 318-3015
Facsimile: (517) 318-3099
rking@clarkhill.com
(*Pro Hac Vice*)

*Counsel for Chester Water Authority*

5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| CITY OF CHESTER, PENNSYLVANIA, | : | Chapter 9 |
| | : | |
| Debtor. | : | Case No. 22-13032-amc |
| | : | |
| | : | Chief Judge Ashely M. Chan |
| | : | |
| | : | |

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on the date set forth below, I caused a true and correct copy of the foregoing

*Chester Water Authority's Motion for Leave to File Reply in Support of Its Motion to Proceed*

*Pursuant to the Pennsylvania Supreme Court's Remand Order and For a Declaration That the*

*Automatic Stay Does Not Apply, or in the Alternative, to Lift the Automatic Stay for Cause and to*

*Exceed Page Limit* to be served upon all parties registered for CM/ECF notification.

Dated: March 30, 2026

/s/ Jennifer K. Green
Jennifer K. Green (MI Bar No. P69019)
(*Pro Hac Vice*)

# EXHIBIT A

ClarkHill\L5215\455064\287180792.v1-3/30/26

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 9 |
| | : | |
| CITY OF CHESTER, PENNSYLVANIA, | : | Case No. 22-13032-amc |
| | : | |
| Debtor. | : | Chief Judge Ashely M. Chan |

**ORDER GRANTING CHESTER WATER AUTHORITY'S MOTION FOR LEAVE
TO FILE REPLY IN SUPPORT OF ITS MOTION TO PROCEED PURSUANT TO
THE PENNSYLVANIA SUPREME COURT'S REMAND ORDER AND FOR A
DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY, OR, IN THE
ALTERNATIVE, TO LIFT THE STAY FOR CAUSE AND TO EXCEED PAGE LIMIT**

This matter having come before the Court on the *Chester Water Authority's Motion for Leave to File Reply in Support of Its Motion to Proceed Pursuant to the Pennsylvania Supreme Court's Remand Order and For a Declaration That the Automatic Stay Does Not Apply, or in the Alternative, to Lift the Automatic Stay for Cause and to Exceed Page Limit* (the "Leave Motion"[1]) filed by the CWA; and due and proper notice of the Leave Motion having been provided to the necessary parties; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Leave Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED that:

1.    The Leave Motion is granted as set forth herein.

2.    The Proposed Reply is deemed timely filed and adequately served without further filing or service.

3.    The Proposed Reply may exceed the page limit set forth in Contested Matter Practice and Procedure 1(c) of the Chan Procedures.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Leave Motion.

ClarkHill\L5215\455064\287180792.v1-3/30/26

4.      The Clerk of Court shall file the Proposed Reply (Ex. B to the Leave Motion)

separately on the docket.


Dated:                                                          _____

Ashely M. Chan
U.S. Bankruptcy Judge

ClarkHill\L5215\455064\287180792.v1-3/30/26