**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 9 |
| | : | |
| CITY OF CHESTER, PENNSYLVANIA, | : | Case No. 22-13032-amc |
| | : | |
| Debtor. | : | Related to Dkt. No. 1013 & 1019 |
| | : | |
| | : | Chief Judge Ashely M. Chan |

**CHESTER WATER AUTHORITY'S MOTION FOR LEAVE TO FILE LIMITED
REPLY IN SUPPORT OF ITS MOTION TO (A) STRIKE THE PROPOSED
TREATMENT OF THE CHESTER WATER AUTHORITY AND ITS ASSETS FROM
THE DEBTOR'S PLAN OF ADJUSTMENT [DKT. NO. 583]; (B) VACATE THE
ORDERS (1) REQUIRING THE PRODUCTION OF DOCUMENTS AND
INFORMATION PURSUANT TO BANKRUPTCY RULE 2004 [DKT. NO. 688]; (2)
AUTHORIZING THE USE OF SUCH DOCUMENTS AND INFORMATION IN
CONNECTION WITH THE RFP PROCESS [DKT. NO. 782]; (3) PERMITTING
PHYSICAL ACCESS TO THE CHESTER WATER AUTHORITY'S PROPERTY [DKT.
NO. 859]; AND (4) PROHIBITING THE ISSUANCE OF RIGHT-TO-KNOW LAW
REQUESTS THAT REFER OR RELATE TO THE RFP PROCESS [DKT. NOS. 692 &
713]; (C) MODIFY THE MEDIATION ORDER [DKT. NO. 139] TO RELEASE THE
CHESTER WATER AUTHORITY FROM ANY MANDATORY PARTICIPATION
OBLIGATION; AND (D) COMPEL THE DEBTOR TO RETURN ALL DOCUMENTS
AND INFORMATION PRODUCED BY THE CHESTER WATER AUTHORITY
<u>PURSUANT TO BANKRUPTCY RULE 2004 OR IN MEDIATION</u>**

The Chester Water Authority (the "<u>CWA</u>"), by and through its undersigned counsel, submits this motion (the "<u>Leave Motion</u>") and respectfully requests the entry of an order substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>") granting leave to file the limited reply attached hereto as **<u>Exhibit B</u>** (the "<u>Proposed Reply</u>") in support of the *Chester Water Authority's Motion to (a) Strike the Proposed Treatment of the Chester Water Authority and Its Assets from the Debtor's Plan of Adjustment [Dkt. No. 583]; (b) Vacate the Orders (1) Requiring the Production of Documents and Information Pursuant to Bankruptcy Rule 2004 [Dkt. No. 688]; (2) Authorizing the Use of Such Documents and Information in Connection with the RFP Process [Dkt. No. 782]; (3) Permitting Physical Access to the Chester Water Authority's Property [Dkt No.*

*859]; and (4) Prohibiting the Issuance of Right-to-Know Law Requests That Refer or Relate to the RFP Process [Dkt. Nos. 692 & 713]; (c) Modify the Mediation Order [Dkt. No. 139] to Release the Chester Water Authority from Any Mandatory Participation Obligation; and (d) Compel the Debtor to Return All Documents and Information Produced by the Chester Water Authority Pursuant to Bankruptcy Rule 2004 or in Mediation* [Dkt. No. 1013] (the "Motion"), as supplemented by the supplement to the Motion [Dkt. No. 1019] (the "Supplement"[1]), to address certain improper and unfounded positions asserted in the objection and response thereto [Dkt. No. 1021] (the "Objection") filed by the City of Chester, Pennsylvania (the "Debtor").  In support of this Leave Motion, the CWA respectfully states as follows:

## I.       RELEVANT FACTS

1.       On March 2, 2026, the CWA filed the Motion, seeking various relief following the Pennsylvania Supreme Court's decision issued in the State Court Appeal on January 21, 2026, in which that court determined, *inter alia*, that the Debtor does not hold a unilateral right to seize and sell the CWA's assets under section 5622(a) of the MAA.  *See In re Chester Water Auth. Tr.*, 349 A.3d 892, 927 (Pa. 2026).  The CWA requested the entry of an order:

- Striking references to the CWA or its assets in the Plan and requiring the Debtor to either (a) file an amended plan consistent with such relief or (b) withdraw the Plan within seven days;

- Vacating the Production Order, Usage Order, Access Order, Sanctions Order, and Amended Sanctions Order;

- Modifying the Mediation Order to provide that the CWA shall not be deemed a Mediation Party (as defined therein) without the CWA's express written consent given after the entry of such modified order;

- Requiring the Debtor to (a) either (i) return to the CWA or (ii) destroy all copies of all documents and information produced by the CWA pursuant to Bankruptcy Rule

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion or the Supplement, as applicable.

2

2004 or in connection with mediation and (c) file a certificate of compliance within seven days; and

- Requiring the Debtor to (a) obtain written certifications from any third party that received access to the CWA's documents and information from the Debtor that such party has (i) returned or (ii) destroyed all copies of all such documents and information in its possession, (b) provide such certifications to the CWA in unredacted form, (c) terminate any data room containing any such documents and information established in connection with the RFP Process, and (d) file a certificate of compliance within seven days.

2.      On March 14, 2026, the CWA filed the Supplement to, *inter alia*, alert the Bankruptcy Court to certain intervening orders entered by the District Court in the Production Order Appeal and the Usage Order Appeal (a) divesting the Bankruptcy Court of jurisdiction to vacate the Production Order and the Usage Order and (b) staying the enforcement of such orders pending appeal.  The CWA also reiterated its request to order the return of its documents and information.

3.      On March 16, 2026, the Debtor filed the Objection.  Despite effectively consenting to the majority of the relief requested by the CWA, the Debtor nevertheless asserts, *inter alia*, that (a) plan provisions are immune from the Bankruptcy Court's authority to strike; (b) the Access Order should not be vacated because the Debtor promises to take no action thereunder, but if it is vacated, the Bankruptcy Court should clarify that a separate order pending on appeal is compensatory in nature; (c) the Bankruptcy Court cannot order the return of the CWA's documents and information in light of the Production Order Appeal and the Usage Order Appeal, but the Debtor promises to return it anyway; (d) the Debtor should not be required to identify third parties who received access to the CWA's documents and information because the CWA might harass them; and (e) the CWA did not mediate in good faith.

4.      On March 24, 2026, the Ad Hoc Committee of Ratepayers of the Chester Water Authority filed a joinder to the Motion [Dkt. No. 1024].

5.      On March 26, 2026, the Debtor filed a praecipe to withdraw the Plan [Dkt. No. 1026].

## II.      ARGUMENT

6.      Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rule 9014-3 of the Bankruptcy Court's Local Bankruptcy Rules do not provide for the filing of a reply as of right. Contested Matter Practice and Procedure 1(c) of *The Judicial Practices and Procedures of Bankruptcy Judge Ashely M. Chan* (the "Chan Procedures") provides that reply briefs may be permitted with the Court's permission and shall not exceed seven pages without leave of Court.

7.      The CWA respectfully requests leave to file the Proposed Reply to address the Debtor's improper and unfounded positions set forth in paragraph 3 of this Leave Motion.

8.      The Proposed Reply is necessary to adequately respond to such positions in advance of the hearing set for April 1, 2026, and is within the seven-page limit imposed by Contested Matter Practice Procedure 1(c) of the Chan Procedures.

## III.      CONCLUSION

WHEREFORE, the CWA respectfully requests the entry of the Proposed Order granting the CWA leave to file the Proposed Reply.

[SIGNATURES FOLLOW ON NEXT PAGE]

4

Dated: March 30, 2026

**CLARK HILL PLC**

*/s/ Jennifer K. Green*
Jennifer K. Green (MI Bar No. P69019)
151 S. Old Woodward, Suite 200
Birmingham, MI 48009
Telephone: (248) 988-2315
Facsimile: (248) 642-2174
jgreen@clarkhill.com
(*Pro Hac Vice*)

Kevin Dooley Kent (Pa. I.D. No. 85962)
2001 Market Street, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 640-8531
Facsimile: (215) 640-8501
kkent@clarkhill.com

Megan A. Guernsey (Pa. I.D. No. 202065)
2001 Market Street, Suite 2620
Philadelphia, PA 19103
Telephone: (215) 640-8522
Facsimile: (215) 640-8501
mguernsey@clarkhill.com

William C. Price (Pa. I.D. No. 90871)
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7776
Facsimile: (412) 394-2555
wprice@clarkhill.com

Ronald A. King (MI Bar No. P45088)
215 South Washington Square, Suite 200
Lansing, MI 48933
Telephone: (517) 318-3015
Facsimile: (517) 318-3099
rking@clarkhill.com
(*Pro Hac Vice*)

*Counsel for Chester Water Authority*

5