## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 9 |
| | : | |
| CITY OF CHESTER, PENNSYLVANIA, | : | Case No. 22-13032-amc |
| | : | |
| Debtor. | : | Chief Judge Ashely M. Chan |

**ORDER DENYING CHESTER WATER AUTHORITY'S MOTION FOR LEAVE TO FILE LIMITED REPLY IN SUPPORT OF ITS MOTION TO (A) STRIKE THE PROPOSED TREATMENT OF THE CHESTER WATER AUTHORITY AND ITS ASSETS FROM THE DEBTOR'S PLAN OF ADJUSTMENT [DKT. NO. 583]; (B) VACATE THE ORDERS (1) REQUIRING THE PRODUCTION OF DOCUMENTS AND INFORMATION PURSUANT TO BANKRUPTCY RULE 2004 [DKT. NO. 688]; (2) AUTHORIZING THE USE OF SUCH DOCUMENTS AND INFORMATION IN CONNECTION WITH THE RFP PROCESS [DKT. NO. 782]; (3) PERMITTING PHYSICAL ACCESS TO THE CHESTER WATER AUTHORITY'S PROPERTY [DKT. NO. 859]; AND (4) PROHIBITING THE ISSUANCE OF RIGHT-TO-KNOW LAW REQUESTS THAT REFER OR RELATE TO THE RFP PROCESS [DKT. NOS. 692 & 713]; (C) MODIFY THE MEDIATION ORDER [DKT. NO. 139] TO RELEASE THE CHESTER WATER AUTHORITY FROM ANY MANDATORY PARTICIPATION OBLIGATION; AND (D) COMPEL THE DEBTOR TO RETURN ALL DOCUMENTS AND INFORMATION PRODUCED BY THE CHESTER WATER AUTHORITY PURSUANT TO BANKRUPTCY RULE 2004 OR IN MEDIATION**

This matter having come before the Court on the *Chester Water Authority's Motion for Leave to File Limited Reply in Support of Its Motion to (a) Strike the Proposed Treatment of the Chester Water Authority and Its Assets from the Debtor's Plan of Adjustment [Dkt. No. 583]; (b) Vacate the Orders (1) Requiring the Production of Documents and Information Pursuant to Bankruptcy Rule 2004 [Dkt. No. 688]; (2) Authorizing the Use of Such Documents and Information in Connection with the RFP Process [Dkt. No. 782]; (3) Permitting Physical Access to the Chester Water Authority's Property [Dkt No. 859]; and (4) Prohibiting the Issuance of Right-to-Know Law Requests That Refer or Relate to the RFP Process [Dkt. Nos. 692 & 713]; (c) Modify the Mediation Order [Dkt. No. 139] to Release the Chester Water Authority from Any Mandatory Participation Obligation; and (d) Compel the Debtor to Return All Documents and Information Produced by the*

ClarkHill\L5215\455064\287175932.v2-3/30/26

*Chester Water Authority Pursuant to Bankruptcy Rule 2004 or in Mediation* (the "<u>Leave Motion</u>"[1])

filed by the CWA; and due and proper notice of the Leave Motion having been provided to the

necessary parties; and it appearing that no other or further notice need be provided; and the Court

having determined that the legal and factual bases set forth in the Leave Motion establish just cause

for the relief granted herein;

IT IS HEREBY ORDERED that:

1.      The Leave Motion is **DENIED.**

Dated:   March 31, 2026

_____
Ashely M. Chan
U.S. Bankruptcy Judge

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Leave Motion.

2

ClarkHill\L5215\455064\287175932.v2-3/30/26